IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SEAN JEFFREY THOMPSON,         *

    PLAINTIFF                  *

    V.                         *   CASE NO. WDQ 1:02-CV-1989

DETECTIVE STEPHEN MARTIN,      *
    ET AL.
                               *
    DEFENDANTS
_____/

**MEMORANDUM IN SUPPORT OF BALTIMORE POLICE DEPARTMENT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Pursuant to F.R.C.P. 12(b)(6), the Baltimore Police Department ("BPD"), by and through undersigned counsel, moves to dismiss all counts alleged against the BPD as set forth in Plaintiff's First Amended Complaint and Demand for Jury Trial, and in support thereof, states as follows:

I.   <u>Facts</u>

Plaintiff, Sean Jeffrey Thompson, a prisoner currently incarcerated at the Maryland Correctional Institute, has brought suit against the BPD, Detective Stephen Martin, and unknown police officers. Plaintiff alleges that his sprained ankle was caused by the excessive force of Det. Martin and that he was denied access to medical attention. (Pl.'s Amended Comp. at ¶ 30). For this, Plaintiff seeks to hold the BPD liable under a theory of respondeat superior for his alleged assault and battery. (Pl.'s Amended Comp.

Page 1

Counts III & IV). No where has Plaintiff indicated that he provided the BPD notice as required by the Local Government Tort Claims Act, MD. CODE ANN., CTS. & JUD. PROC. ART. § 5-301 et seq.

In addition, Plaintiff alleges that the BPD "was aware of the propensity on the part of Detective Martin and other police officers … to violate the constitutional rights of detainees as they have done in [Plaintiff's] case, and taking no action to prevent it, and/or through gross negligence in its supervision of its officers, has created a custom or policy that fosters such unconstitutional conduct." (Pl.'s Amended Comp. at ¶ 33). Accordingly, Plaintiff has brought suit against the BPD under 42 U.S.C. § 1983.

## II. Standard of Review

When ruling on a motion to dismiss under FRCP 12(b)(6), courts must accept all well-plead allegations of the complaint as true. Curtis v. Pracht, 202 F. Supp.2d 406, 411-12 (D. Md. 2002). The court need not, however, accept unsupported legal conclusions couched as factual allegations, or conclusory factual allegations devoid of any reference to actual events. Id. at 412.

## III. Argument

Plaintiff cannot recover under a § 1983 theory, as he has failed to properly plead it.

Moreover, as a matter of law, Plaintiff cannot recover under a theory of respondeat superior for the alleged assault and battery by Det. Martin.

**A.   Plaintiff Has Failed To Properly Plead A § 1983 Action.**

The Plaintiff's § 1983 action fails to state a cause of action upon which relief can be granted, for two reasons: (1) the "gross negligence" of the BPD in supervising Det. Martin and others, cannot serve as the basis of § 1983 liability against the BPD; and (2) one alleged constitutional violation cannot serve as the basis for a municipality's "custom or practice."

    **1.   Plaintiff Cannot Rely On The "Gross Negligence" Of The BPD As The Basis For His § 1983 Action Against The BPD.**

It is well-established that the BPD is subject to suit under § 1983 as a local government entity. See Chin et al. v. City of Baltimore, 241 F. Supp.2d 546, 549 (D. Md. 2003).

Nevertheless, to prevail on a § 1983 claim, the Plaintiff must show that (1) he was deprived of a federal statutory or constitutional right; and (2) the deprivation was committed under color of state law. Lytle et al. v. Doyle et al., 326 F.3d 463, 471 (4th Cir. 2003). Assuming arguendo that Plaintiff has properly plead a deprivation of a constitutional right, not every deprivation of a constitutional right leads to municipal liability. See id. Only in cases where a municipality causes the deprivation " 'through an

official policy or custom' " will liability attach. See id. (quoting Carter v. Morris, 164 F.3d 215, 218 (4th Cir. 1999).

"A policy or custom for which a municipality may be held liable can arise in four ways: (1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train officers, that 'manifest[s] deliberate indifference to the rights of citizens'; or (4) through a practice that is so 'persistent and widespread' as to constitute a 'custom or usage with the force of law.' " Id. (citation omitted).

Importantly, in this case the Plaintiff has not alleged that the BPD had a policy or custom using any of the four ways in which a policy or custom may come into existence, as set forth in Carter, supra.

Rather, the Plaintiff has merely alleged that the BPD created a "custom or policy" that fosters unconstitutional conduct, through the "gross negligence in its supervision of its officers … ." (Pl.'s Amended Comp. at ¶ 33)

However, the U.S. Supreme Court has **explicitly rejected "gross negligence"** as the degree of fault upon which a municipality can be found to have violated § 1983. City of Canton, Ohio v. Harris et al., 489 U.S. 378, 388 & n.7 (1989). In City of Canton, the Court held that inadequate police training may serve as the basis for §

1983 liability only where the failure to train amounts to "**deliberate indifference**" to the rights of persons with whom the police come into contact. Id. The Court reasoned that only where a police department's omission reflects a " 'deliberate' or 'conscious' choice by a municipality" can liability be established under § 1983. Id. at 389. The Court wanted to avoid a case where a claim of failure to train, like the claim here of failure to supervise, could result in § 1983 liability where at best the failure to train was caused by a training program which was occasionally negligently administered. See id. at 391.

Accordingly, as Plaintiff has only plead that the BPD's "gross negligence" has caused his § 1983 injury, Court II should be dismissed with prejudice and without leave to amend.

> 2. **Plaintiff Has Alleged No Other Constitutional Violations Other Than His Own, Rendering His *Monell* Claim Infirm.**

Municipal liability under § 1983 cannot be based on respondeat superior. Carter, 164 F.3d at 218 (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978)). As stated by the Fourth Circuit in Carter, "[a] plaintiff's theory is most likely to slip into that forbidden realm when she alleges municipal omission – either a policy of deliberate indifference or the condonation of an unconstitutional custom. Where a plaintiff claims that the municipality has not directly inflicted an injury, but nonetheless has caused an employee

to do so, rigorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employee." Id.

Absent in this case are any factual allegations of other detainees being subjected to excessive force. When plaintiffs have alleged no facts involving other incidents of constitutional violations, courts decline to accept a plaintiff's invitation to infer that a police department itself caused the alleged constitutional wrong. Chin et al. v. City of Baltimore, et al., 241 F. Supp.2d 546, 549 (D. Md. 2003); see Carter, 164 F.3d at 218 (noting that a plaintiff cannot rely upon scattershot accusations of unrelated constitutional violations). Accordingly, Count II should be dismissed.

### B. Plaintiff's Supplemental State Law Claims Against the BPD Are Barred By the Doctrine of Sovereign Immunity.

Counts III and IV contain allegations that the BPD is liable under the doctrine of respondeat superior, for the Plaintiff's alleged assault and battery by Det. Martin.

However, these claims as to the BPD are barred by the doctrine of sovereign immunity, insofar as he has alleged that the BPD is liable under a theory of respondeat superior (Pl.'s Amended Comp. ¶¶ 40, 46). Moreover, they are barred by the doctrine of sovereign immunity, insofar as the Plaintiff has not plead that he has provided

the BPD notice pursuant to the Local Government Tort Claims Act, MD. CODE ANN., CTS. & JUD. PROC. ART. § 5-301 *et seq*.

### 1. The BPD Cannot Be Liable Under A Theory of Respondeat Superior Based On Its Sovereign Immunity.

It is quite clear that the BPD is a State agency, and as such, is provided sovereign immunity to the full extent of the law. <u>Baltimore Police Department et al. v. Cherkes</u>, 140 Md. App. 282, 323 (2001). The facts of this case are "on all fours" with the facts involved in <u>Cherkes</u>, in which the BPD was sued under a theory of respondeat superior based on the alleged excessive force involved in the arrest of Mr. Cherkes. <u>Id.</u> at 295-96. In <u>Cherkes</u>, the Court of Special Appeals held that the BPD was a state agency, and therefore, was protected by the doctrine of sovereign immunity from claims of direct and respondeat superior liability. <u>Cherkes</u>, 140 Md. App. at 326 ("We conclude, therefore, that State sovereign immunity protects the BCPD against all the claims asserted against it in this case: the ordinary tort claims (direct and *respondeat superior* liability), and the *respondeat superior* State constitutional tort claims." (emphasis in original)).

Accordingly, sovereign immunity protects the BPD against the respondeat superior claim advanced by the Plaintiff in this case. <u>See id.</u> In fact, as the Court of Special Appeals has observed, the only potential liability the BPD has with respect to Plaintiff's

claims is for a claim of non-payment of a judgment entered against Det. Martin, as provided under the Local Government Tort Claims Act, MD. COURTS AND JUD. PROC. § 5-301 et seq. Cherkes, 140 Md. App. at 303. Because no such judgment has been entered, the BPD respectfully requests that this Court dismiss Counts III and IV of the Plaintiff's Complaint as to Defendant BPD, without leave to amend. See id.

### 2. Plaintiff Failed to Plead That He Provided Timely Notice Of His Claim In Accordance With The Local Government Tort Claims Act.

The function of the Local Government Tort Claims Act, MD. CODE ANN., CTS. & JUD. PROC. ART. § 5-301 et seq. (LGTCA) is to waive the sovereign immunity of political subdivisions. Downey v. Collins et al., 866 F. Supp.2d 887, 889 n.3 (D. Md. 1994).

In this case, Plaintiff has failed to provide the prerequisite notice to the BPD under the LGTCA. Under the LGTCA, a person may not bring an action for unliquidated damages against a Maryland local government or its employees unless he has satisfied the notice requirements in MD. CODE ANN., CTS. & JUD. PROC. ART. § 5-304(a). See Gonzalez v. Cecil County, Md et al., 221 F. Supp.2d 611, 614 (D. Md. 2002). The BPD is included in the definition of "local government." § 5-301(21). The notice to the BPD must be in writing, and must state the time, place, and cause of the injuries. Id. § 5-304(c). "This notice is a 'condition precedent to the right to maintain an action for damages and compliance with the notice provision should be

alleged in the complaint as a substantive element of the cause of action.' " Gonzalez, 221 F. Supp.2d at 614 (quoting Curtis v. Pracht, 202 F. Supp.2d 406 (D. Md. 2002); Hargrove et al. v. Mayor and City Council of Baltimore et al., 146 Md. App. 457, 463 (2002). The notice provision of the LGTCA " 'applies to all torts without distinction, including intentional and constitutional torts.' " Curtis, 202 F. Supp.2d at 414.

In the present case, the Plaintiff has not alleged as part of his complaint that he has complied with the LGTCA. Thus, there has been no demonstration that notice was given. The LGTCA allows a court to entertain an action although no notice was given, if a plaintiff can show good cause for his failure to comply with the LGTCA and if the Defendant has not been prejudiced by the lack of compliance. MD. CODE ANN., CTS. & JUD. PROC. ART. § 5-304(c). Plaintiff has failed to allege any facts to show good cause for his failure to comply with § 5-304. Therefore, neither Count III nor Count IV may be maintained.

## IV. Conclusion

In conclusion, Plaintiff fails to state a cause of action against the BPD, upon which relief may be granted. The BPD prays that this Court dismiss all Counts as to it, with prejudice and without leave to amend.

Respectfully submitted,

_____
Howard B. Hoffman, Esq., Bar # 25965
Associate Solicitor
Office of Legal Affairs
Baltimore Police Department
242 W. 29th Street
Baltimore, Maryland 21211
Telephone: (410) 396-2496
Facsimile:  (410) 396-2126
Attorney for Baltimore Police Department