IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**SEAN JEFFREY THOMPSON**         *

    Plaintiff,         *

v.         *    Civil Action No.: **WDQ 1:02-CV-1989**

**DETECTIVE STEPHEN MARTIN**, et al.   *

    Defendants.         *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### MEMORANDUM IN OPPOSITION TO
### THE BALTIMORE CITY POLICE DEPARTMENT'S
### MOTION TO DISMISS

Plaintiff, Sean Jeffrey Thompson, by his undersigned counsel, submits the following memorandum in opposition to the Baltimore City Police Department's (the "Department") Motion to Dismiss.

### INTRODUCTION

Plaintiff has stated causes of action against the Department and Plaintiff has complied with the Local Government Tort Claims Act. The Department's Motion to Dismiss, therefore, should be denied.

### STANDARD

In evaluating the Department's Motion to Dismiss under Rule 12(b)(6), the Court must determine whether, assuming all the well-pleaded facts in the First Amended Complaint and reasonable inferences drawn therefrom in a light most favorable to Plaintiff are true, the Plaintiff is entitled to the relief sought as a matter of law. Republican Party of N.C. v. Martin, 980 F.2d 934, 952 (4th Cir. 1992), cert. denied, 114 S. Ct. 93 (1993); Penn-Plax, Inc. v. L. Schultz, Inc.,

988 F. Supp. 906, 908 (D. Md. 1997); Duane v. Government Employees NS. Co., 784 F. Supp. 1209, 1211 (D. Md. 1992).  After completing that analysis, the Court cannot dismiss the Counterclaim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Jersey Heights Neighborhood Assoc. v. Glendening, 2 F. Supp.2d 772, 778 (D. Md. 1998) (citing Conley v. Gibson, 355 U.S. 41, 45, 78 S. Ct. 99, 102 (1957)); National Federation of the Blind, Inc. v. Loompanics Enterprises, Inc., 936 F. Supp. 1232, 1238 (D. Md. 1996).  Applying this standard, for the reasons stated below, the Department's motion should be denied.

## PLAINTIFF'S ALLEGATIONS

Plaintiff has alleged that, following his arrest on March 28, 2002, he was brutally assaulted and injured by Detective Stephen Martin at the Department's Southwest District office.  See First Am. Comp., pp. 3 – 6, ¶¶ 7 – 26.  Plaintiff further alleged that, given the nature of the assault there could be no question that other police officers, whose identities are currently unknown and who have been identified as additional defendants "John Doe," were aware of the violation of Plaintiff's rights but, in further violation of Plaintiff's rights, failed to intercede.  Id., pp. 4 – 5, ¶ 20.  Plaintiff further alleged that such other officers further violated Plaintiff's rights by denying him medical treatment for the injuries inflicted by Detective Martin despite Plaintiff's clearly observable need.  Id., p. 5, 6, ¶¶ 23, 25, 28, 30.  Finally, in reference to each of these violations Plaintiff further alleged, *inter alia*,

> 33. Upon information and belief, the Baltimore City Police Department was aware of the propensity on the part of Detective Martin and other police officers, including John Doe 1 –10, to violate the constitutional rights of detainees as they have done in Thompson's case, and taking no action to prevent it, and/or through gross negligence in its supervision of its officers, has created a custom or policy that fosters such unconstitutional conduct.

>    34.    As a result of the Baltimore City Police Department's actions in creating a custom or policy that fosters the type of conduct engaged in by Defendant Martin and John Doe 1-10, and its gross negligence in supervising its officers, Thompson suffered the violation of his constitutional rights.

Id., p. 7, ¶¶ 33, 34.

On May 19, 2002, within 60 days of the incidents complained of, Plaintiff sent a letter, bearing the title "Notice of Tort Claim Under Maryland Tort Claim Act," to the Maryland State Treasurer, notifying the latter of his claim against Detective Martin and the Department.[1] Plaintiff sent a similar notice to the Baltimore City Solicitor on the same day.[2] On June 14, 2002, a representative of the State Treasurer wrote to Plaintiff to acknowledge receipt of his claim, stating that it would be investigated.[3] On that same date, the Treasurer's representative wrote that Plaintiff's "claim was carefully investigated," and that, on the basis of that investigation, the claim had been denied.[4]

## ARGUMENT

### I.  PLAINTIFF HAS COMPLIED WITH THE LOCAL GOVERNMENT TORT CLAIMS ACT

As demonstrated by the attached exhibits, Plaintiff has complied with the notice requirements of Maryland's Local Tort Claims Act, MD CODE ANN. CTS. & JUD. PROC. ART. §5-301, ET. SEQ. The Department's motion with respect to such notice therefore, should be denied or, in the alternative, Plaintiff should be permitted an opportunity to amend his pleading to include allegations of his compliance with the Act.

---

[1] A true and correct copy of Plaintiff's letter to the Treasurer is attached as Exhibit A hereto.
[2] See Exhibit B hereto.
[3] See Exhibit C hereto.
[4] See Exhibit D hereto.

## II.   PLAINTIFF HAS ADEQUATELY PLED HIS §1983 ACTION AGAINST THE DEPARTMENT

As the Department concedes, it may liable to Plaintiff under 42 U.S.C. § 1983 if, through an omission that manifests a deliberate indifference to the rights of citizens such as Plaintiff, the Department has established a custom that has resulted in the violation of Plaintiff's constitutional rights.  Department's mem., p. 4, citing Carter v. Morris, 164 F. 3d 215, 218 (4th Cir. 1999).  Taken in a light most favorable to Plaintiff, Plaintiff's First Amended Complaint adequately states such a cause of action.  The fact, which can be inferred from the allegations in the First Amended Complaint and which must be taken as true for the purposes of the Department's motion, that numerous officers were aware of Detective Martin's violation of Plaintiff's rights, and yet not one took action to intercede to prevent that violation, gives rise to the further inference that the custom within the Department is to ignore such violations and take no such action.  Similarly, the fact that several officers witnessed and were aware of Plaintiff's need for immediate medical attention, and yet, in deliberate indifference to Plaintiff's condition, not one took action to provide that attention until Plaintiff passed out, gives rise to the further inference that the custom within the Department is to deny arrestees such medical attention despite obvious need.[5]  As this Court has observed, the existence of a policy or custom of refusing treatment can itself support of an inference of deliberate indifference on the part of a local government, such as the Department here, thus making disposal of a claim on a motion to dismiss inappropriate.  See Gonzalez v. Cecil County, 221 F.Supp.2d 611, 617 (D.Md. 2002).

---

[5] Each on those individual officers' actions or omissions in failing to intercede and/or failing to provide necessary medical attention constitute a separate constitutional violation, thus suggesting a custom.  In this respect the instant case is distinguishable from Chin v. City of Baltimore, 241 F.Supp.2d 546 (D.Md 2003) in which only the plaintiff alleged just a single incident.

**III. PLAINTIFF SHOULD BE PERMITTED TO PURSUE LIABILITY AGAINST THE DEPARTMENT IN COUNTS III AND IV UNDER A PROPER INTERPRETATION OF MARYLAND'S LGTCA**

The Department concedes that it is a "local government" in the context of Maryland's Local Government Tort Claims Act. Under §5-303 of the act, therefore, the Department would be liable *to Plaintiff* for any judgment against Detective Martin and/or the other as-yet unidentified other officers that participated in torts against Plaintiff within the scope of their employment. Plaintiff submits that such liability is the essence, if not the definition of *respondeat superior* liability, and therefore, the Department is appropriately included as a party defendant with respect to Counts III and IV of the First Amended Complaint.

Plaintiff concedes that the Maryland Court of Special Appeals in Baltimore Police Department v. Cherkes, 140 Md.App. 282, 780 A.2d 410 (2001), interpreted the General Assembly's language in §5-303 (b) as requiring the entry of judgment against a local government employee as a prerequisite to bringing an action directly against the local government itself. Id., 140 Md.App. at 326, 780 A.2d at 436. However, Plaintiff submits that such an interpretation improperly approached the language of the statute in an inappropriate, technical, rather than a commonsensical perspective, and violates the rule of statutory construction disfavoring interpretations that lead to absurd results. See Mayor and City Council of Rockville, 372 Md. 514, 550, 814 A.2d 469, 490 (2002); Ridge Heating, Air Conditioning and Plumbing, Inc. v. Brennen, 366 Md. 336, 342, 783 A.2d 691, 694 (2001); Dickerson v. State, 324 Md. 163, 171, 596 A.2d 648 (1991); D&Y, Inc. v. Winston, 320 Md. 534, 538, 578 A.2d 1177, 1179 (1990); Tucker v. Fireman's Fund Insurance Co., 308 Md. 69, 75,517 A.2d 730, 732-33 (1986), Blandon v. State, 304 Md. 316, 319, 498 A.2d 1195, 1196 (1985); Erwin and Shafer, Inc. v. Pabst Brewing Co., 304 Md. 302, 311, 498 A.2d 1188, 1192 (1985) Smiley v. State, 138 Md.App. 709, 714-5 733

A.2d 606, 609 (2001).  For a variety of reasons, including judicial economy, it makes no sense that the General Assembly would require a plaintiff to bring a separate lawsuit after proceeding through pleading, discovery, trial and judgment against an employee in order to then obtain judgment against the local government employer.  Moreover, given the local government's ultimate liability for any judgment, and its likely involvement in discovery and other aspects of the proceeding, it only makes good common sense that the local government would be a party to the suit.  In light of its well-documented history of rejecting statutory interpretations leading to such absurd and illogical results, it is likely that, given the opportunity to do so, the Maryland Court of Appeals would decline to adopt the interpretation espoused by the Court of Special Appeals in Cherkes.  This Court, therefore, should likewise decline to adopt that interpretation and should deny the Department's motion to dismiss as to Counts III and IV.  See Assicurazioni Generali, S.p.A. v. Neil, 160 F.3d 997, 1002 (4th Cir. 1998); Rassa v. Rollins Protective Services Company, 30 F.Supp.2d 538, 544 (D.Md. 1998).

## CONCLUSION

For the foregoing reasons the Departments Motion to Dismiss should be denied.

DATED this 10th day of September, 2003.

        /s/
Robert S. Brennen
MILES & STOCKBRIDGE P.C.
10 Light Street
Baltimore, Maryland 21202
(410) 385-3653

Attorneys for Plaintiff,
Sean Jeffrey Thompson

::ODMA\PCDOCS\BALT01\757119\1