IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SEAN JEFFREY THOMPSON,           *

    PLAINTIFF                    *

    V.                           *     CASE NO. WDQ 1:02-CV-1989

DETECTIVE STEPHEN MARTIN,        *
    ET AL.
                                 *
    DEFENDANTS
_____/

REPLY TO PLAINTIFF'S OPPOSITION TO BALTIMORE POLICE DEPARTMENT'S
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

The Baltimore Police Department ("BPD") files this Reply in response to Plaintiff's Opposition to BPD's Motion to Dismiss, and in support thereof, states as follows:

I.   Standard of Review

When ruling on a motion to dismiss under FRCP 12(b)(6), courts need not accept unsupported legal conclusions couched as factual allegations, or conclusory factual allegations devoid of any reference to actual events. Morgan v. Graco Children's Products, Inc., 184 F.Supp.2d 464, 465-466 (D. Md. 2002). Similarly, courts need not accept as true unwarranted inferences, unreasonable conclusions, or arguments. Eastern Shore Markets, Inc. v. J.D. Assoc. L.P., 213 F.3d 175, 180 (4th Cir. 2000). A plaintiff cannot oppose a motion to dismiss through assertions of facts not reflected

in the complaint.  Aiken et al. v. Nixon et al., 236 F.Supp.2d 211, 221 (N.D.N.Y. 2002).

## II.  Facts

Plaintiff alleges that his ankle was severely and intentionally sprained by BPD Detective Stephen Martin, while he was being interrogated.  (Pl.'s Am. Comp. ¶ 26).  In his Complaint, Plaintiff admits that he was alone with Det. Martin, but that the door was open to the interrogation room.  (Pl.'s Am. Comp. ¶ 9)  Plaintiff does not allege that any member of the BPD actually witnessed the attack upon him.  Rather, Plaintiff has speculated that others could "hear and were aware of the events" that allegedly transpired.  (Pl.'s Am. Comp. ¶ 9; see also ¶ 20 ("Given the nature of the events and the noise generated thereby, there is no question but that other[s] … could hear and were aware of the events that transpired… .")).  Plaintiff has not alleged that he requested and was denied medical treatment, before he allegedly passed out from his pain.  (Pl.'s Am. Compl. ¶ 26).

## II.  Argument

### A.  Plaintiff Fails To Allege The Existence Of A Policy Or Custom Which Violated Plaintiff's Constitutional Rights.

Insofar as his Monell claim is concerned, Plaintiff fails to state a cause of action upon which relief can be granted, and nothing set forth in Plaintiff's Opposition disturbs this conclusion.

It is well-settled that a municipal organization, like the BPD, is only liable under § 1983 if it causes a deprivation of a constitutional right through an official policy or custom. Carter v. Morris et al., 164 F.3d 215, 218 (4th Cir. 1999).

To properly allege a § 1983 cause of action against the BPD, the Plaintiff could have alleged that a municipal "policy" exists vis-à-vis a written ordinance or regulation; in certain affirmative decisions of individual policymaking officials; or in certain omissions on the part of policymaking officials that manifest a deliberate indifference to the rights of citizens. Id. In contrast, a "custom" may be alleged by alleging a practice so "persistent and widespread" and "so permanent and well-settled as to constitute a custom or usage with force of law." Id.

Plaintiff's Amended Complaint alleges that the BPD took no action to prevent Plaintiff's alleged battery, and that it was grossly negligent in supervising its employees. (Pl.'s Comp. ¶¶ 33, 34). However, the Plaintiff has not alleged that the Plaintiff's battery was caused by a policy existing in any of the forms set forth in Carter, supra.

In particular, Plaintiff's only allegation is that the BPD was "grossly negligent," but as clearly stated in BPD's Motion to Dismiss, that standard of liability has been decidedly rejected. City of Canton, Ohio v. Harris et al., 489 U.S. 378, 389 n.7 (1989).

Rather, the standard is "deliberate indifference," which requires a "conscious" or "deliberate" choice of a policymaking official.  Id.

But even if this Court was to accept Plaintiff's argument that an inference of deliberate indifference can be surmised from his allegation of "gross negligence," Plaintiff has completely failed to allege which policymaking officials of the BPD were grossly negligent.    After all, a "final policymaker" for purposes of municipal liability is someone who has " 'the responsibility and authority to implement final municipal policy with respect to a particular course of action.' "    Lytle et al. v. Doyle et al., 326 F.3d 463, 472 (4th Cir. 2003) (quoting Spell v. McDaniel, 824 F.2d 1380, 1386 (4th Cir. 1987).    Because the type of policymaking authority which can invoke § 1983 liability is " 'authority to set and implement general goals and programs of municipal government, as opposed to discretionary authority in purely operational aspects of government,' "    it is quite clear that the alleged "deliberate indifference" of the police officers to the Plaintiff's alleged suffering cannot serve the basis of liability.    Compare Lytle, 326 F.3d at 472 with (Pl.'s Opp. at pg. 4).

Perhaps sensing this vulnerability, Plaintiff apparently now seeks to artfully salvage his Amended Complaint by arguing in his Opposition that a custom existed, vis-à-vis the fact that "numerous officers were aware of Detective Martin's violation of Plaintiff's

rights, and yet not one took action to intercede to prevent the violation, gives rise to an *inference* that the *custom* within the Department is to ignore such violations… ."  (Pl.'s Opp. at pg. 4) (emphasis added).

Leaving aside the fact that the Plaintiff cannot oppose the BPD's Motion to Dismiss with assertions of fact not contained in his Complaint, Aiken, 236 F.Supp.2d at 219, Plaintiff fails yet again. In order to argue that a custom exists, he must argue that there exists a practice within the BPD "so 'persistent and widespread' as to constitute a 'custom or usage with the force of law.' "  Carter, 164 F.3d at 218.   Plaintiff chooses to argue that each individual officer's failure to intercede or obtain necessary medical attention, also suggests the existence of a "custom." (Pl.'s Opp. at pg. 4, n.5).

However, Plaintiff ignores the fact that if he relies upon the actions (or, in this case, inaction) of BPD officers to prove a custom, "those actions must have occurred for so long or so frequently that the course of conduct warrants the attribution to the governing body of knowledge that the objectionable conduct is the expected, accepted practice… ." Casanova v. City of Brookshire et al., 119 F.Supp.2d 639, 656-57 (S.D. Tex. 2000).  "Consistent with the commonly understood meaning of 'custom,' proof of random acts or isolated incidents involving employees is not sufficient to show the

existence of a custom or policy.     Id.; see also Lytle, 326 F.3d at 473 ("It is well settled that 'isolated incidents' of unconstitutional conduct by subordinate employees are not sufficient to establish a custom or practice for § 1983 purposes.")

To be sure, it is true that the under the Federal Rules of Civil Procedure the Plaintiff's Complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief," F.R.C.P. 8(a); Semple v. City of Moundsville, 195 F.3d 708, 712 (4th Cir. 1999); Jordan by Jordan v. Jackson, 15 F.3d 333, 338 (4th Cir. 1994) (holding § 1983 plaintiffs who seek to impose liability on a municipality  must adequately plead and prove the existence of an official policy or custom that is fairly attributable to the municipality and that proximately caused the deprivation of their rights.").     However, " 'even under the liberal standards of the Federal Rules of Civil Procedure, … a plaintiff 'must at least set forth enough details so as to provide defendant and the court with a fair idea of the basis of the complaint and the legal grounds claimed for recovery.' "   Clark v. Md. Dep't Pub. Safety and Corr. Serv. et al., 247 F.Supp.2d 773, 776 (D. Md. 2003) (quoting Karpel v. Inova Health Sys. Servs., 134 F.3d 1222, 1227 (4th Cir. 1998).

Accordingly, Count II of the Plaintiff's Complaint should be dismissed, because Plaintiff has neither pled the existence of a policy of deliberate indifference nor adequately pled the existence

of a persistent and widespread *custom* upon which his § 1983 action may be premised. Plaintiff has not provided *in his Complaint* a fair basis upon which legal relief can be granted.

**B.    Dismissal of Count II Is Also Appropriate As Plaintiff's Opposition Is Premised Upon Unwarranted Speculation And Conclusory Factual Allegations Devoid Of Actual Events.**

Despite pleading no set of facts that actually allege that any employee of the BPD – much less an official decision-maker – witnessed or otherwise knew of the alleged attack upon the Plaintiff, the Plaintiff's Opposition unreasonably speculates "that numerous officers were aware of Detective Martin's violation of Plaintiff's rights, and yet not one took action to intercede to prevent that violation …." (Pl.'s Opp. at pg. 4). Similarly, despite his failure to allege that he requested medical treatment and was denied, Plaintiff now argues that several witnesses were aware of Plaintiff's need for immediate medical treatment before he passed out. (Id.). In rendering a decision to BPD's Motion to Dismiss, the BPD prays that this Court strike or otherwise disregard Plaintiff's unreasonable speculation and his conclusory allegations devoid of any reference to actual events. Morgan v. Graco Children's Products, Inc., 184 F.Supp.2d 464, 465-466 (D. Md. 2002).

C.    **Principles of Comity Require This Court To Disregard
Plaintiff's Invitation To Reverse State Law Regarding The
Sovereign Immunity Of The BPD.**

Plaintiff concedes that the decision of Baltimore Police
Department v. Cherkes, 140 Md. App. 282 (2001), controls the result
of this case. (Pl.'s Opp. at pg. 5). Nevertheless, the Plaintiff
quibbles with the decision of the Maryland Court of Special Appeals,
interpreting Maryland law. (Id.). Plaintiff speculates that the
Maryland Court of Appeals would decide the case differently. (Id.).
Plaintiff invites this Court to "decline to adopt that
interpretation" and deny the BPD's Motion to Dismiss Counts III and
IV.

However well intentioned, Plaintiff's argument ignores the fact
that his case is pending in Federal Court, and that "comity and
respect for federalism compel [federal courts] to defer to the
decisions of state courts on issues of state law." Bush v. Gore, 531
U.S. 98, 112 (2000) (noting that comity reflects the federal
judiciary's understanding that the decisions of state courts are
definitive pronouncements of the will of the States as sovereigns).

Given the fact that Cherkes was premised on the notion of State
sovereignty and was decided by a Maryland appellate court, comity is
no doubt due. This honorable Court should decline Plaintiff's

invitation to reinterpret (reverse) a state appellate court on an issue solely involving state law.

   D.   **Plaintiff's Alleged Compliance With Maryland's Local Government Tort Claims Act Does Not Stave Off Summary Judgment In Favor Of The BPD.**

   BPD filed to dismiss Counts III and IV, as part of its Motion to Dismiss, alleging non-compliance by the Plaintiff with respect to Maryland's Local Government Tort Claims Act, MD. CODE ANN., CTS. & JUD. PROC. ART. § 5-301 *et seq.* (LGTCA).

   As set forth in BPD's Motion to Dismiss, notice of LGTCA compliance "is a 'condition precedent to the right to maintain an action for damages and compliance with the notice provision should be alleged in the complaint as a substantive element of the cause of action.' " Gonzalez v. Cecil County, Md et al., 221 F. Supp.2d 611, 614 (D. Md. 2002) (quotation omitted).

   Plaintiff, in his Opposition, submits a number of exhibits not attached to his Complaint. In doing so, Plaintiff has converted BPD's Motion to Dismiss Counts III and IV, into a Motion for Summary Judgment. See Mezu v. Morgan State Univ., et al., 264 F. Supp.2d 292, 295 (D. Md. 2003) ("When 'matters outside the pleading are presented to and not excluded by the court, the [Rule 12(b)(6)] motion shall be treated as one for summary judgment and disposed of as provided in Rule 56.' However, before a court converts a Rule 12(b)(6) motion into a motion for summary judgment, it must determine

whether the plaintiff had adequate notice of the conversion.").
Where, as here, a party is aware that material outside the pleadings
is before the court, then that party is deemed to be on notice that a
FRCP 12(b)(6) motion may be treated as a motion for summary judgment.
Mezu, 264 F.Supp.2d at 295.

In his Statement of Facts, Plaintiff's Counsel has claimed that
his client sent his LGTCA notice in a timely manner. (Pl.'s Opp. at
pg. 3). However, it should be quite clear that the representations
of Plaintiff's counsel alone cannot stave off dismissal of Counts III
and IV. See Vivid Technologies,Inc. v. American Science & Eng.,
Inc., 200 F.3d 795, 812 (Fed. Cir. 1999) (collecting cases, and
noting that "[the truth of a disputed material fact can not be
established on attorney statement alone.").

Plaintiff's alternative request, that he be permitted an
opportunity to amend his pleading to include allegations of
compliance with the LGTCA, should be denied as he has not sought to
file leave to file an amended pleading pursuant to Md. Local Rule
102(6).

III. Conclusion

In conclusion, nothing contained in Plaintiff's Opposition
alters the result that his Complaint fails to state a cause of action
against the BPD, or that judgment may be entered as a matter of law.

The BPD prays that this Court dismiss all Counts as to it, with prejudice and without leave to amend.

Respectfully submitted,

Howard B. Hoffman, Esq., Bar # 25965
Associate Solicitor
Office of Legal Affairs
Baltimore Police Department
242 W. 29th Street
Baltimore, Maryland 21211
Telephone: (410) 396-2496
Facsimile:  (410) 396-2126
Attorney for Baltimore Police Department


REQUEST FOR ORAL ARGUMENT

Howard B. Hoffman, Esq.