IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SEAN JEFFREY THOMPSON     *

    PLAINTIFF     *

    V.     *     CASE NO. WDQ 1:02 CV 1989

DET. STEPHEN MARTIN,     *
OFFICERS JOHN DOE 1-10, AND
BALTIMORE POLICE DEPARTMENT,     *
    ET AL.
    *

    DEFENDANTS

_____/

ANSWER AND AFFIRMATIVE DEFENSES OF
DEFENDANT BALTIMORE POLICE DEPARTMENT

Defendant Baltimore Police Department, on behalf of itself and as the employing agency and next friend of the Fictitious Defendants known in the above-captioned matter as "Officers John Doe 1-10" ("Answering Defendants"), by and through undersigned counsel, answer Plaintiff's First Amended Complaint and Demand for Jury Trial ("Complaint") in like-numbered paragraphs and state their affirmative defenses as follows:

1. To the extent that Plaintiff's statement of this case represents factual allegations couched as legal theories, each factual allegation contained therein is denied and no answer is required as to any legal theory; to the extent that this paragraph represents a prayer for relief, no answer is required.

2.  As paragraph 2 is a statement of the jurisdiction of this Court, Answering Defendants are not required to answer the same.

3.  At this time, Answering Defendants are without sufficient information to form a belief as to the truth of the Plaintiff's averments that he is an incarcerated prisoner #312-821, currently housed at the Maryland Correctional Institute, Jessup, Maryland.

4.  Admitted.

5.  Denied.

6.  To the extent that this Paragraph represents factual allegations couched as legal theories, the Baltimore Police Department admits that it is a public entity, and denies the balance of all other factual allegations.  No answer is required as to any legal theory.

7.  Denied.

8.  Denied.

9.  At this time, Answering Defendants are without sufficient information to form a belief as to the truth of Plaintiff's averment.

10. At this time, Answering Defendants are without sufficient information to form a belief as to the truth of Plaintiff's averment.

11. At this time, Answering Defendants are without sufficient information to form a belief as to the truth of Plaintiff's averment.

12. At this time, Answering Defendants are without sufficient information to form a belief as to the truth of Plaintiff's averment.

13. Denied.

14. Denied.

15. Denied.

16. At this time, Answering Defendants are without sufficient information to form a belief as to the truth of Plaintiff's averment.

17. At this time, Answering Defendants are without sufficient information to form a belief as to the truth of Plaintiff's averment.

18. At this time, Answering Defendants are without sufficient information to form a belief as to the truth of Plaintiff's averment.

19. At this time, Answering Defendants are without sufficient information to form a belief as to the truth of Plaintiff's averment.

20.   At this time, Answering Defendants are without sufficient information to form a belief as to the truth of Plaintiff's averment.

21.   At this time, Answering Defendants are without sufficient information to form a belief as to the truth of Plaintiff's averment.

22.   At this time, Answering Defendants are without sufficient information to form a belief as to the truth of Plaintiff's averment.

23.   At this time, Answering Defendants are without sufficient information to form a belief as to the truth of Plaintiff's averment.

24.   At this time, Answering Defendants are without sufficient information to form a belief as to the truth of Plaintiff's averment.

25.   At this time, Answering Defendants are without sufficient information to form a belief as to the truth of Plaintiff's averment.

26.   At this time, Answering Defendants are without sufficient information to form a belief as to the truth of Plaintiff's averment.

27.   Denied as to Plaintiff's factual allegations; Answering Defendants believe and therefore answer that no answer is

required as to Plaintiff's prayer for damages and other relief. However, should it be determined an answer is required, same is specifically denied.

28. Denied.

29. To the extent that this Paragraph represents factual allegations couched as legal theories, each factual allegation contained therein is denied and no answer is required as to any legal theory; to the extent that this paragraph represents a prayer for relief, no answer is required.

30. To the extent that this Paragraph represents factual allegations couched as legal theories, each factual allegation contained therein is denied and no answer is required as to any legal theory; to the extent that this paragraph represents a prayer for relief, no answer is required.

31. To the extent that this Paragraph represents factual allegations couched as a prayer, each factual allegation contained therein is denied and no answer is required to the extent that this paragraph represents a prayer for relief.

32. Denied as to Plaintiff's factual allegations; Answering Defendants believe and therefore answer that no answer is required as to Plaintiff's prayer for damages and other relief. However, should it be determined an answer is required, same is specifically denied.

33.  To the extent that this Paragraph represents factual allegations couched as legal theories, each factual allegation contained therein is denied and no answer is required as to any legal theory; to the extent that this paragraph represents a prayer for relief, no answer is required.

34.  To the extent that this Paragraph represents factual allegations couched as legal theories, each factual allegation contained therein is denied and no answer is required as to any legal theory; to the extent that this paragraph represents a prayer for relief, no answer is required.

35.  Denied as to Plaintiff's factual allegations; Answering Defendants believe and therefore answer that no answer is required as to Plaintiff's prayer for damages and other relief.   However, should it be determined an answer is required, same is specifically denied.

36.  Denied.

37.  Admitted to the extent that Defendant Martin is employed as a detective for the Baltimore Police Department; denied as to any allegation that raises an inference that Defendant Martin's actions, if proven to be improper towards Plaintiff, were committed while acting within the scope of his employment with the Baltimore Police Department.

38.  To the extent that this Paragraph represents factual allegations couched as legal theories, each factual allegation contained therein is denied and no answer is required as to any legal theory.

39.  Denied as to Plaintiff's factual allegations; Answering Defendants believe and therefore answer that no answer is required as to Plaintiff's prayer for damages and other relief.  However, should it be determined an answer is required, same is specifically denied.

40.  Denied.  No answer is required as to Plaintiff's prayer for damages and other relief.  However, should it be determined an answer is required, same is specifically denied.

41.  Denied as to Plaintiff's factual allegations; Answering Defendants believe and therefore answer that no answer is required as to Plaintiff's prayer for damages and other relief.  However, should it be determined an answer is required, same is specifically denied.

42.  Denied.

43.  Denied.

44.  To the extent that this Paragraph represents factual allegations couched as legal theories, each factual allegation contained therein is denied and no answer is required as to any legal theory.

45.  Denied as to Plaintiff's factual allegations; Answering
     Defendants believe and therefore answer that no answer is
     required as to Plaintiff's prayer for damages and other
     relief.   However, should it be determined an answer is
     required, same is specifically denied.

46.  Denied. No answer is required as to Plaintiff's prayer for
     damages and other relief.  However, should it be determined an
     answer is required, same is specifically denied.

### First Affirmative Defense

Plaintiff's Complaint fails to state a claim upon which relief
can be granted.

### Second Affirmative Defense

Plaintiff's Complaint contains claims that are barred by the
Doctrine of Sovereign Immunity.

### Third Affirmative Defense

Plaintiff failed to comply with the Local Government Tort Claims
Act, MD. CODE ANN., CTS. & JUD. PROC. ART. § 5-301 *et seq.*

### Fourth Affirmative Defense

The Plaintiff failed to exhaust administrative remedies.

### Fifth Affirmative Defense

The Plaintiff's Complaint contains claims that are time barred
under the applicable Statute of Limitations and the like.

### Sixth Affirmative Defense

The Plaintiff's alleged injuries, even if true, were not caused by a municipal policy or custom.

### Seventh Affirmative Defense

Plaintiff's Complaint contains claims that are barred by the defense of good faith and probable cause.

### Eighth Affirmative Defense

Some if not all of the Answering Defendants enjoy qualified immunity or other forms of immunity from suit.

### Ninth Affirmative Defense

Plaintiff's Complaint contains claims that, if proven to be true, were performed contrary to the policy or custom of the Baltimore Police Department, and were taken outside the scope of employment.

Respectfully submitted,

Peter Saar, Esq., Bar #   26666
Deputy Legal Counsel

Howard B. Hoffman, Esq., Bar # 25965
Associate Solicitor
Office of Legal Affairs
Baltimore Police Department
242 W. 29th Street
Baltimore, Maryland 21211
Telephone: (410) 396-2496
Facsimile:  (410) 396-2126
*Attorneys for Baltimore Police Department
And Officers John Doe 1-10*

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of October, 2003, a copy of Defendants Answer was filed in accordance with the Electronic Filing Requirements and Procedures as established by the U.S. District Court for the District of Maryland, with a paper copy sent via U.S. regular mail, postage paid, to the following:

Robert S. Brennan, Esq.
Mules & Stockbrige P.C.
10 Light Street
Baltimore, MD 21202
*Attorney for Plaintiff*

Troy A. Priest, Esq.
Brown, Diffenderffer & Kearney, LLP
The Tide Building
Suite 300
1010 Hull Street
Baltimore, MD 21230
*Attorney for Defendant Martin*

Howard B. Hoffman