# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
– Northern Division –

SEAN JEFFREY THOMSON     *

           Plaintiff,       *

v.                        *        Civil Action No.: WDQ 1:02-CV-1989

DETECTIVE STEPHEN MARTIN,    *
OFFICERS JOHN DOE 1-10, and     *
THE BALTIMORE CITY           *
POLICE DEPARTMENT          *

           Defendants      *

---

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS

COMES NOW, the Defendant Stephan Martin, by and through counsel, and pursuant to the Federal Rules of Civil Procedure, files the following attached jury instructions.

Respectfully submitted,

_____
Troy A. Priest, Esquire
Brown & Sheehan, LLP
The Tide Building, Suite 300
1010 Hull Street
Baltimore, Maryland 21230
(410) 296-8500
*Attorneys for Defendant*

## JURY INSTRUCTION NO. 1

### The Federal Statute (42 U.S.C. §1983)

The law to be applied in this case is the federal civil rights law, which provides a remedy for individuals who have been deprived of their constitutional rights under color of state law.

Section 1983 of Title 42 of the United States Code states:

Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Sand, Modern Federal Jury Instructions, Instruction 87-65

## JURY INSTRUCTION NO. 2

### Purpose of the Statute

Section 1983 creates a form of liability in favor of persons who have been deprived of rights, privileges and immunities secured to them by the United States Constitution and federal statutes. Before section 1983 was enacted in 1871, people so injured were not able to sue state officials or persons acting under color of state law for money damages in federal court. In enacting the statute, Congress intended to create a remedy as broad as the protection provided by the fourteenth amendment and federal laws. Accordingly, the goals of section 1983 are full compensation for and deterrence of deprivations of constitutional rights.

Section 1983 was enacted to give people a federal remedy enforceable in federal court because it was feared that adequate protection of federal rights might not be available in state courts.

Sand, Modern Federal Jury Instructions, Instruction 87-66

United States v. Price, 383 U.S. 787, 801 (1966)

Monell v. New York City Dep't of Social Services, 436 U.S. 658, 685 (1978)

## **JURY INSTRUCTION NO. 3**

### Burden of Proof

I shall shortly instruct you on the elements of plaintiff's section 1983 claim.

Mr. Thompson has the burden of proving each and every element of his section 1983 claim and his claim of battery by a preponderance of the evidence. If you find that any one of the elements of Mr. Thompson's section 1983 claim has not been proven by a preponderance of the evidence, you must return a verdict for the Defendants.

The defendants have the burden of proving each element of their affirmative defense. I shall shortly instruct you on the elements of this defense. If you find that any one of the elements of defendant's defense has not been proven by a preponderance of the evidence, you must disregard the defense.

Sand, <u>Modern Federal Jury Instructions</u>, Instruction 87-67

**<u>JURY INSTRUCTION NO. 4</u>**

<u>Burden of Proof - General</u>

This is a civil case and as such the plaintiff has the burden of proving the material allegations of his complaint (e.g., by a fair preponderance of the evidence).

If after considering all of the testimony you are satisfied that the plaintiff has carried his burden on each essential point as to which he has the burden of proof, then you must find for the plaintiff on his claims.  If after such consideration you find the testimony of both parties to be in balance or equally probable, then the plaintiff has failed to sustain his burden and you must find for the defendant.

Sand, <u>Modern Federal Jury Instructions</u>, Instruction 73-1

## JURY INSTRUCTION NO. 5

### Elements of a Section 1983 Claim

To establish a claim under section 1983, Mr. Thompson must establish, by a preponderance of the evidence, each of the following three elements:

First, the conduct complained of must be committed by a person acting "under color of state law."

Second, the alleged conduct must have deprived Mr. Thompson of rights, privileges or immunities secured by the Constitution or laws of the United States.

Third, that the Defendant's acts must be the proximate cause of the injuries and damages sustained by Mr. Thompson.

Sand, Modern Federal Jury Instructions, Instruction 87-68

Monroe v. Pape, 365 U.S. 167 (1961)

West v. Atkins, 487 U.S. 42 (1988)

Lugar v. Edmunson Oil Co., Inc., 457 U.S. 922 (1982)

## JURY INSTRUCTION NUMBER 6

### Definition

The first element of the plaintiff's claim is that the defendant acted under color of state law. The phrase "under color of state law" is a shorthand reference to the words of section 1983, which includes within its scope action taken under color of any statute, ordinance, regulation, custom or usage, of any state (*or* territory *or* the District of Columbia). The term "state" encompasses any political subdivision of a state, such as a county or city, and also any state agencies or a county or city agency.

Action under color of state law means action that is made possible only because the actor is clothed with the authority of the state. Section 1983 forbids action taken under color of state law where the actor misuses power that he possesses by virtue of state law.

An actor may misuse power that he possesses by virtue of state law even if his acts violate state law; what is important is that the defendant was clothed with the authority of state law, and that the defendant's action was made possible by virtue of state law.

Sand, <u>Modern Federal Jury Instructions</u>, Instruction 76-10

**JURY INSTRUCTION NO. 7**

State Official Acting Under Color of State Law

      Whether Defendant committed the acts alleged by the plaintiff is a question of fact for you, the jury, to decide.  I instruct you that, since Defendant was an official of Baltimore City, Maryland, at the time of the acts in question, they were acting under color of state law. In other words, the first statutory requirement is satisfied.


Sand, Modern Federal Jury Instructions, Instruction 87-70

## JURY INSTRUCTION NUMBER 8

### State of Mind - General

I instruct you that, to establish a claim under section 1983, the plaintiff must show that the defendant acted intentionally or recklessly. If you find that the acts of the defendant were merely negligent, then, even if you find that the plaintiff was injured as a result of those acts, you must return a verdict for the defendant.

Sand, Modern Federal Jury Instructions, Instruction 87-75

**JURY INSTRUCTION NUMBER 9**

State of Mind - Intentional

An act is intentional if it is done knowingly, that is if it is done voluntarily and deliberately and not because of mistake, accident, negligence or other innocent reason.  In determining whether the defendant acted with the requisite knowledge, you should remember that while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind.  Therefore, you have to depend on what was done and what the people involved said was in their minds and your belief or disbelief with respect to those facts.

Sand, Modern Federal Jury Instructions, Instruction 87-76

## JURY INSTRUCTION NUMBER 10

### State of Mind - Recklessness

An act is reckless if done in conscious disregard of its known probable consequences. In determining whether the defendant acted with the requisite recklessness, you should remember that while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind. Therefore, you have to depend on what was done and what the people involved said was in their minds and your belief or disbelief with respect to those facts.

Sand, Modern Federal Jury Instructions, Instruction 87-77

**JURY INSTRUCTION NO.11**

Deprivation of a Federal Right

The second element of Mr. Thompson's claim is that he was deprived of a federal right by the Defendant.  In establishing this deprivation, Mr. Thompson must establish the following by a preponderance of the evidence: first, that the Defendant committed the acts alleged, and, second, that those acts caused Mr. Thompson to suffer the loss of a federal right.


Daniel v. Williams, 474 U.S. 327 (1986)

Sand, Modern Federal Jury Instructions, Instruction 87-74

## JURY INSTRUCTION NUMBER 12

### State of Mind - Negligence

An act is negligent if the defendant was under a duty or obligation, recognized by law, that required him to adhere to a certain standard of conduct to protect others against unreasonable risks, and he breached that duty or obligation.


Sand, <u>Modern Federal Jury Instructions</u>, Instruction 87-78

## **JURY INSTRUCTION NUMBER 13**

### Assault - Liability

An assault is an intentional threat, either by words or acts, to physically harm another person without the person's consent. Actual contact is unnecessary. However, it must appear to the other person that the one making the threat has the present ability to carry it out, and the person threatened must be put in reasonable fear of imminent harm.

## <u>JURY INSTRUCTION NUMBER 14</u>

<u>Probable Cause</u>

Probable cause means facts and circumstances sufficient to warrant a prudent person in believing that an individual had committed or was committing an offense. A finding of probable cause to arrest should be based on the factual and practical considerations of everyday life on which reasonable people act and is assessed by considering the totality of the circumstances.

*Green v. Brooks*, 125 Md.App. 349, ___, 725 A.2d 596, 605-606 (1999)

## **JURY INSTRUCTION NUMBER 15**

Probable Cause

The Defendants acted without probable cause if the defendant did not have any reasonable grounds to believe in the plaintiff's guilt.  Mere belief, however, sincere, is not sufficient.  There must be such grounds for belief founded upon the actual knowledge of acts as would influence the mind of a reasonable person.

## **JURY INSTRUCTION NUMBER 16**

### Privilege of Police Officers

A police officer is not responsible if he or she inflicts an injury on a person who is being arrested, unless the officer acts with malice toward that person. Malice exist when the officer intends to inflict an injury or acts from improper motivation or with ill will.

*Cox v. Prince Georges County*, 296 Md. 162, 460 A.2d 1038 (1983)

## JURY INSTRUCTION NO. 17

### Compensatory Damages

If you return a verdict for Mr. Thompson, then you must consider the issue of actual damages.

If you return a verdict for Mr. Thompson, then you must award him such sum of money as you believe will fairly and justly compensate him for any injury you believe he actually sustained as a direct consequence of the conduct of Defendant.

You shall award actual damages only for those injuries which you find that Mr. Thompson has proven by a preponderance of the evidence.  Moreover, you shall award actual damages only for those injuries which you find Mr. Thompson has proven by a preponderance of evidence to have been the direct result of conduct by the defendant in violation of section 1983 or the defendant's committing the state law tort of assault. That is, you may not simply award actual damages for any injury suffered by Mr. Thompson -- you must award actual damages only for those injuries that are a direct result of actions by Defendants and that are a direct result of conduct by Defendants which violated Plaintiff's federal rights under color of law as well as his rights not to be assaulted.  These damages include physical and mental pain and suffering, fright, nervousness, indignity, humiliation, inconvenience, and loss of enjoyment of life.

Actual damages must not be based on speculation or sympathy.  They must be based on the evidence presented at trial, and only on that evidence.

Sand, Modern Federal Jury Instructions, Instruction 87-87

## <u>JURY INSTRUCTION NO. 18</u>

<u>Testimony of Police Officers</u>

The testimony of a police officer is entitled to no special or exclusive sanctity. A police officer who takes the witness stand subjects his testimony to the same examination and the same tests that any other witness does, and in the case of police officers, you should not believe them merely because they are police officers. You should recall their demeanor on the stand, their manner of testifying, the substance of their testimony, and weigh and balance it just as carefully as you would the testimony of any other witness. People employed by the government, including policemen, do not stand in any higher station in the community than other persons, and their testimony is not entitled to any greater weight.

<u>Roberts v. Hollocher</u>, 664 F.2d 200 (8th Cir. 1981)

<u>Darbin v. Nourse</u>, 664 F.2d 1109 (9th Cir. 1981)

## JURY INSTRUCTION NO. 19

### Witness Credibility -- General Instruction

You have had an opportunity to observe all of the witnesses.  It is now your job to decide how believable each witness was in his or her testimony.  You are the sole judges of the credibility of each witness and of the importance of his or her own testimony.

It must be clear to you by now that you are being called upon to resolve various factual issues under the counts of the indictment, in the face of the very different pictures painted by the plaintiff and the defendant which cannot be reconciled.  You will now have to decide where the truth lies, and an important part of that decision will involve making judgments about the testimony of the witnesses you have listened to and observed.  In making those judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you to decide the truth and the importance of each witness' testimony.

Your decision whether or not to believe a witness may depend on how that witness impressed you.  Was the witness candid, frank and forthright?  Or, did the witness seem as if he or she was hiding something, being evasive or suspect in some way?  How did the way the witness testified on direct examination compare with cross examination?  Was the witness consistent in his testimony or did he contradict himself?  Did the witness appear to know what he or she was talking about and did the witness strike you as someone who was trying to report his or her knowledge accurately?

How much you choose to believe a witness may be influenced by the witness' bias.  Does the witness have some incentive, loyalty or motive that might cause him or her to shade the truth;  or, does the witness have some bias, prejudice or hostility that may have caused the witness -- conclusively or not -- to give you something other than a completely accurate account of the facts he testified to?

Even if the witness was impartial, you should consider whether the witness had an opportunity to observe the facts he or she testified about and you should also consider the witness' ability to express himself or herself.  Ask yourselves whether the witness' recollection of the facts stand up in light of all other evidence.

In other words, what you must try to do in deciding credibility is to size up a person's demeanor, the explanations given, and in light of all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward and accurate in his or her recollection.  In deciding the question of credibility, remember that you should use your common sense, your good judgment, and your experience.

Sand, <u>Modern Federal Jury Instructions</u>, Instruction 7-1

## JURY INSTRUCTION NO. 20

### Interest in Outcome

In evaluating credibility of the witnesses, you should take into account any evidence that the witness who testified may benefit in some way from the outcome of this case. Such an interest in the outcome creates a motive to testify falsely and may sway the witness to testify in a way that advances his or her own interests. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony and accept it with great care.

This is not to suggest that every witness who has an interest in the outcome of the case will testify falsely. It is for you to decide to what extent, if at all, the witness' interest has affected or colored his or her testimony.

Sand, <u>Modern Federal Jury Instructions</u>, Instruction 7-3

## JURY INSTRUCTION NO. 21

<u>Deposition as Substantive Evidence</u>

Some of the testimony before you is in the form of depositions which have been received in evidence. A deposition is simply the examination of a witness by the attorneys for the parties before trial. A deposition is taken before a court stenographer and, as in the case at trial, the witness testifies under oath. You should consider the testimony of a witness given in the form of a deposition according to the same standards for evaluating the testimony of a witness given at trial.

Sand, <u>Modern Federal Jury Instructions</u>, Instruction 5-8

## **JURY INSTRUCTION NUMBER 22**

### Direct and Circumstantial Evidence

There are two types of evidence which you may properly use in reaching your verdict.

One type of evidence is direct evidence. Direct evidence is when a witness testifies about something he knows by virtue of his own senses - something he has seen, felt, touched, or heard. Direct evidence may also be in the form of an exhibit where the fact to be proved is its present existence or condition.

Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts. There is a simple example of circumstantial evidence which is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella which was dripping wet. Then a few minutes later another person also entered with a wet umbrella. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raising.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact.

Circumstantial evidence is of no less value than direct evidence; for, it is a general rule that the law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict must be based on (e.g., a preponderance of) all the evidence presented.

Sand, Modern Federal Jury Instructions, Instruction 74-2

## JURY INSTRUCTION NUMBER 23

### Inference Defined

During the trial you have heard the attorneys use the term "inference," and in their arguments they have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact which has been shown to exist.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The plaintiff asks you to draw one set of inferences, while the defense asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion which you, the jury, are permitted to draw - but not required to draw - from the facts which have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.

Sand, Modern Federal Jury Instructions, Instruction 75-1

Respectfully submitted,

_____

Troy A. Priest, Esquire
Brown & Sheehan, LLP
The Tide Building, Suite 300
1010 Hull Street
Baltimore, Maryland 21230
(410) 296-8500
*Attorneys for Defendants*