## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

**SEAN JEFFREY THOMPSON**              *

    Plaintiff,              *

v.                                     *     Civil Action No.:     **WDQ 1:02-CV-1989**

**DETECTIVE STEPHEN MARTIN**, *et al*.*

    Defendants.              *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF HIS PRIOR CRIMINAL CONVICTIONS AND ARRESTS

Plaintiff, Sean Jeffrey Thompson ("Mr. Thompson"), by his undersigned counsel submits the following Memorandum in Support of Plaintiff's Motion in Limine to Exclude Evidence of His Prior Criminal Convictions and Arrests.

### INTRODUCTION

Defendants have indicated that they may seek to introduce at trial evidence of Mr. Thompson's prior criminal convictions, the reports generated in connection with his March, 2002 arrest and the Statement of Probable Cause created in connection with that arrest. Mr. Thompson's convictions, arrests, and related documents are not relevant to any fact of consequence in this case. Additionally, as set forth below, such must be excluded because any minimal probative value that they may have is substantially outweighed by the likelihood of unfair prejudice.

## BACKGROUND

Mr. Thompson has asserted claims of assault, battery, and deprivation of constitutional rights pursuant to 42 U.S.C. § 1983. The claims are a result of an incident that took place on March 28th and March 29th 2002. Specifically, Mr. Thompson alleges that Detective Stephen Martin committed assault and battery against him in an interrogation room at the Southwest District office of the Baltimore City Police Department. Other Baltimore City Police Officers were aware of Martin's actions, but failed to intercede. The officers were aware of Mr. Thompson's need but denied him access to medical attention. As a result of Defendant Martin's conduct and that of the other officers, Plaintiff Thompson suffered substantial damages, including, but not limited to, extreme and temporary and permanent pain and suffering, temporary and permanent and debilitating injury to his ankle, humiliation, and mental distress. As a result of Defendant Martin's actions and those of the other officers, Thompson was deprived of his constitutional rights under the Fifth and Fourteenth amendments and 42 U.S.C. § 1983.

Significantly, the Defendants defense in this case is that the alleged altercation between Mr. Thompson and Detective Martin simply never happened. The assault occurred in an interrogation room, not in the context of Mr. Thompson's arrest. There is no assertion that physical force was reasonable or necessary because of Mr. Thompson's conduct or the probable cause that the Defendants may have had to believe that Mr. Thompson had committed a crime.

Mr. Thompson has several criminal convictions, including that which has led to his current incarceration. None of the related crimes involved as an element dishonesty or false statement.

# ARGUMENT

### I. Mr. Thompson's Prior Convictions and Arrests are not relevant and thus are not admissible under the Federal Rules of Evidence.

Mr. Thompson's prior convictions, arrest records, and the Statement of Probable Cause created in connection with his March, 2002 arrest are not relevant and thus are not admissible under the Federal Rules of Evidence. Federal Rule of Evidence 401 defines relevant evidence as "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Rule 402 states that "evidence which is not relevant is not admissible." Fed. R. Evid. 402. In this case, Mr. Thompson's convictions and arrests, and whether or not there was probable cause for those arrests are irrelevant as to what happened in the interrogation room and as to the conduct of the police officers outside of the interrogation room, and thus are not admissible under Federal Rule of Evidence Rule 402.

### II. Even if they had some relevance, Mr. Thompson convictions are not admissible because their minimal probative value is substantially outweighed by their prejudicial effect.

Federal Rule of Evidence 403 provides that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. When balancing probative value against prejudicial effect, Courts have examined among other factors the impeachment value of the prior crime and the degree of similarity between the past crime and the charged crime. 4 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence*, §609.05[3][a] (2 ed. Mathew Bender 2004).

3

Mr. Thompson's convictions and the facts relating to the associated crimes are not admissible under the Federal Rule of Evidence 403 because their minimal probative value is substantially outweighed by their prejudicial effect. Courts have recognized that when, like in Mr. Thompson's situation, convictions are not related to veracity, their prejudice substantially outweighs their minimal impeachment value. United States v. Beahm, 664 F.2d 414, 419 (4th Cir. 1981). Prejudice concerns, similar to those involved in admitting similar past crimes, have weighed heavily in cases where, as in this case, the plaintiff is a convicted felon. For instance, prior assault convictions in a Section 1983 excessive force case were not admissible "because the jury may improperly infer that, based on the prior conviction, the plaintiff instigated the incident." Daniels v. Loizzo, 986 F. Supp. 245, 251 (S.D.N.Y. 1997). Therefore, Mr. Thompson's criminal convictions and the facts surrounding those crimes would mislead and confuse the jury and provide little insight into Mr. Thompson's propensity to tell the truth. Under these circumstances, Mr. Thompson's criminal convictions and the facts relating to them should not be admitted because their probative value is substantially outweighed by their prejudicial effect.

## **CONCLUSION**

For the foregoing reasons, Plaintiff, Sean Jeffrey Thompson, respectfully requests that the Court issue an Order:

A. Granting Plaintiff's Motion in Limine;

B. Excluding any evidence, including documents, direct and cross examination questions and testimony of witnesses, relating to the fact that Sean Jeffrey Thompson has been convicted of or arrested for any crime and/or to the facts relating to those crimes,

4

including without limitation the arrest records and Statement of Probable Cause relating to his March, 2002 arrest;

C. Prohibiting Defendants from referring during their opening statement and their closing argument to the fact that Mr. Thompson has been convicted of any crime or to the facts relating to any crime; and

D. Granting such other and further relief as justice and equity require.

Dated: March 3, 2004

_____/s/ _____
Robert S. Brennen
Todd M. Reinecker
MILES & STOCKBRIDGE P.C.
10 Light Street
Baltimore, Maryland 21202
(410) 385-3653

Attorneys for Plaintiff, Sean Jeffrey Thompson

5