## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
–Northern Division–

SEAN JEFFREY THOMSON,　　　　*

　　　　　　　　　　　　　　　*

　　　　Plaintiff,　　　　　　*

　　　　　　　　　　　　　　　*

v.　　　　　　　　　　　　　　*　　Civil Action No.: WDQ 1:02-CV-1989

　　　　　　　　　　　　　　　*

DETECTIVE STEPHEN MARTIN,　　*

OFFICERS JOHN DOE 1-10, and　*

THE BALTIMORE CITY　　　　　　*

POLICE DEPARTMENT,　　　　　　*

　　　　　　　　　　　　　　　*

　　　　Defendants.　　　　　　*

---

### PLAINTIFFS' REQUESTED JURY INSTRUCTIONS

　　　　Plaintiff Sean Jeffrey Thompson, by his attorneys, Robert S. Brennen and Todd M. Reinecker, submit the following requested jury instructions.

Dated: March 4, 2005　　　　　　　　　／s／

　　　　　　　　　　　　　　　　　Robert S. Brennen
　　　　　　　　　　　　　　　　　Todd M. Reinecker.
　　　　　　　　　　　　　　　　　Miles & Stockbridge P.C.
　　　　　　　　　　　　　　　　　10 Light Street, Suite 1200
　　　　　　　　　　　　　　　　　Baltimore, Maryland 21202-1487
　　　　　　　　　　　　　　　　　(410) 727-6464
　　　　　　　　　　　　　　　　　Attorneys for Plaintiff,
　　　　　　　　　　　　　　　　　Sean Jeffrey Thompson

## *INDEX*

1.  Juror Attentiveness (MFJI 71-1)

2.  Role of The Court (MFJI 71-2)

3.  Role of the Jury (MFJI 71-3)

4.  Juror Oath (MFJI 71-4)

5.  Jury to Disregard Court's View (MFJI 71-5)

6.  Conduct of Counsel (MFJI 71-6)

7.  Race, Religion, National Origin, Sex or Age (MFJI 71-9)

8.  Burden of Proof – General (MFJI 73-1)

9.  Burden of Proof - Preponderance of the Evidence (MFJI 73-2)

10. What Is and Is Not Evidence (MFJI 74-1)

11. Direct and Circumstantial Evidence (MFJI 74-2)

12. Stipulation of Facts (MFJI 74-4)

13. Interrogatories (MFJI 74-13)

14. Depositions (MFJI 74-14)

15. Inference Defined (MFJI 75-1)

16. Uncalled Witness Not Equally Available (MFJI 75-3)

17. Party's Failure to Produce Evidence (MFJI 75-7)

18. Spoliation of Evidence (Thompson v. U.S. Dept. of Housing and Urban Development, 219 F.R.D. 93 (D. Md. 2003))

19. Witness Credibility (MFJI 76-1)

20. Bias (MFJI 76-2)

21. Interest in Outcome (MFJI 76-3)

22. Assault – Liability (MPJI 15:1)

23. Battery–Liability (MPJI 15:2)

24. Compensatory Damages (MPJI 10:2)

25. Compensatory Damages (MFJI 77-3)

26. Punitive Damages–Generally (MPJI 10:12)

27. Punitive Damages (MFJI 77-5)

28. Principal–Agent Defined (MPJI 3:1)

29. Employer/Employee Relationship (MPJI 3:2)

30. Respondeat Superior (MPJI 3:3)

31. Scope of Employment (MPJI 3:4)

32. Respondeat Superior-Intentional Torts (MPJI 3:5)

33. Section 1983 of Title 42 of the United States Code (MFJI 87-65)

34. Purpose of Statute (MFJI 87-66)

35. Burden of Proof (MFJI 87-67)

36. Elements of a Section 1983 Claim (MFJI 87-68)

37. Definition of "Action Under Color of State Law" (MFJI 87-69)

38. State Official Acting Under Color of State Law as a Matter of Law (MFJI 87-70)

39. Deprivation of Right–General Instruction (MFJI 87-74)

40. Excessive Force (MFJI 87-74C)

41. Deliberate Indifference (MFJI 87-74D)

42. State of Mind–General (MFJI 87-75)

43. State of Mind–Intentional (MFJI 87-76)

44. State of Mind-Recklessness (MFJI 87-77)

45. State of Mind-Negligence (MFJI 87-78)

46. Proximate Cause – Generally (MFJI 87-79)

47. City Police Department – General Instruction (MFJI 87-81)

48. City Police Department - Practice and Custom (MFJI 87-83)

49. Compensatory Damages (MFJI 87-87)

50. Damages for the Mere Fact of Violation (MFJI 87-88)

51. Causation and Damages (MFJI 87-89)

52. Exemplary or Punitive Damages (MFJI 87-92)

53. Right to See Exhibits and Hear Testimony; Communications With Court (MFJI 78-1)

54. Duty to Deliberate/Unanimous Verdict (MFJI 78-3)

55. Return of Verdict (MFJI 78-6)

56. Special Verdict (MFJI 78-9)

### *PLAINTIFF'S REQUESTED INSTRUCTION NO. 1*

### JUROR ATTENTIVENESS

Ladies and gentlemen, before you begin your deliberations, I now am going to instruct you on the law. You must pay close attention and I will be as clear as possible.

It has been obvious to me and counsel that until now you have faithfully discharged your duty to listen carefully and observe each witness who testified. Your interest never flagged, and you have followed the testimony with close attention.

I ask you to give me that same careful attention as I instruct you on the law.

Modern Federal Jury Instructions §71-1.

### *PLAINTIFF'S REQUESTED INSTRUCTION NO. 2*

### ROLE OF THE COURT

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties.

My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and apply them to the fact as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you. If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone state the law, but you should consider my instructions as a whole when you retire to delibera te in the jury room.

You should not, any of you, be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be – or ought to be – it would violate your sworn duty to base a verdict upon any other vi ew of the law than that which I give you.

Modern Federal Jury Instructions §71-2.

### *PLAINTIFF'S REQUESTED INSTRUCTION NO. 3*

### ROLE OF THE JURY

As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonably inferences you decide to draw from the facts as you have determine them, and you determine the weight of the evidence.

In determining these issues, no one may invade your province or functions as jurors. In order for you to determine the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in the objections, or in their questions is not evidence. Nor is what I may have said – or what I may say in these instructions – about a fact issue evidence. In this connection, you should bear in mind that a question put to a witness is never evidence, it is only the answer which is evidence. But you may not consider any answer that I directed to disregard or that I directed struck from the record. Do not consider such answers.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not the plaintiff has proven his case.

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses. These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render, or whether any of the witnesses may have been more credible than any other witnesses. You are expressly to understand that the court has no opinion as to the verdict you should render in this case.

As to the facts, ladies and gentlemen, you are the exclusive judges. You are to perform the duty of finding the facts without bias or prejudice to any party.

Modern Federal Jury Instructions §71-3.

### *PLAINTIFF'S REQUESTED INSTRUCTION NO.4*

## JUROR OATH

In determining the facts, you are reminded that you took an oath to render judgment impartially and fairly, without prejudice or sympathy and without fear, solely upon the evidence in the case and the applicable law. I know that you will do this and reach a just and true verdict.

Modern Federal Jury Instructions §71-4.

BALT01:719787v1|G2839-0000006/18/2003

### _PLAINTIFF'S REQUESTED INSTRUCTION NO. 5_

### JURY TO DISREGARD COURT'S VIEW

I have not expressed nor have I intended to intimate any opinion as to which witnesses are or are not worthy of belief, what facts are or are not established, or what inference or inferences should be drawn from the evidence. If any expression of mine has seemed to indicate an opinion relating to any of these matters, I instruct you to disregard it. You are, I repeat, the exclusive, sole judges of all of the questions of facts submitted to you and of the credibility of the witnesses. Your authority, however, is not to be exercised arbitrarily; it must be exercised with sincere judgment, sound discretion, and in accordance with the rules of law which I give you. In making your determination of the facts in this case, your judgment must be applied only to that which is properly in evidence. Arguments of counsel are not in evidence, although you may give consideration to those arguments in making up your mind on what inferences to draw from the facts which are in evidence.

From time to time the court has been called upon to pass upon the admissibility of certain evidence, although I have tried to do so, insofar as it was practicable, out of your hearing. You have no concern with the reasons for any such rulings and you are not to draw any inferences from them. Whether offered evidence is admissible is purely a question or law in the province of the court and outside the province of the jury. In admitting evidence to which objection has been made, the court does not determine what weight should be given to such evidence, nor does it pass on the credibility of the evidence. Of course, you will dismiss from your mind completely, entirely any evidence which has been ruled out of the case by the court, and you will refrain from speculation or conjecture or any guesswork about the nature or effect of any colloquy between court and counsel held out of your hearing or sight.

Modern Federal Jury Instructions § 71-5.

### PLAINTIFF'S REQUESTED INSTRUCTION NO. 6

### CONDUCT OF COUNSEL

It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. Counsel also have the right and duty to ask the court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All those questions of law must be decided by me, the court. Your should not show any prejudice against an attorney or his client because the attorney objected to admissibility of evidence, or asked for a conference out of the hearing of the jury or asked the court for a ruling on the law.

As I already indicated, my rulings on the admissibility of evidence do not, unless expressly stated by me, indicate any opinion as to the weight or effect of such evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

Modern Federal Jury Instructions § 71-6.

### *PLAINTIFF'S REQUESTED INSTRUCTION NO. 7*

### RACE, RELIGION, NATIONAL ORIGIN, SEX OR AGE

Your verdict must be based solely upon the evidence developed at this trial, or the lack of evidence.

It would be improper for you to consider any personal feelings you may have about one of the parties' race, religion, national origin, sex or age.

The parties in this case are entitled to a trial free from prejudice. Our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

Modern Federal Jury Instructions § 74-2.

### *PLAINTIFF'S REQUESTED INSTRUCTION NO. 8*

### **BURDEN OF PROOF – GENERAL**

This is a civil case and as such *Mr. Thompson* has the burden of proving the material allegations of his complaint (e.g., by a fair preponderance of the evidence).

If after considering all of the testimony you are satisfied that *Mr. Thompson* has carried his burden on each essential point as to which he has the burden of proof, then you must find for the *Mr. Thompson* on his claims. If after such consideration you find the testimony of both parties to be in balance or equally probable, then *Mr. Thompson* has failed to sustain his burden and you must find for the defendants.

If you determine that the defendants have sustained their burden of establishing the affirmative defenses, then you proceed no further and your verdict must be for the defendants. If, however, you find that *Mr. Thompson* has established the essential elements of his case and that the defendants have not sustained their burden of the affirmative defenses, then you proceed to consider the issue of damages.

Modern Federal Jury Instructions §73-1

### *PLAINTIFF'SREQUESTEDINSTRUCTIONNO.9*

### **BURDENOFPROOF–PREPONDERANCEOFTHEEVIDENCE**

Thepartywiththeburdenofproofonanygiveniss uehastheburdenofprovingeverydisputed elementofhisclaimtoyoubyapreponderanceoft heevidence.Ifyouconcludethattheparty bearingtheburdenofproofhasfailedtoestablish hisclaimbyapreponderanceoftheevidence, youmustdecideagainsthimontheissueofconside ring.

Whatdoesa"preponderanceoftheevidence"mean? Toestablishafactbyapreponderanceof theevidencemeanstoprovethatthefactismorel ikelytruethannottrue.Apreponderanceof theevidencesmeansthegreaterweightoftheevide nce.Itreferstothequalityofpersuasiveness oftheevidence,nottothenumberofwitnessesor documents.Indeterminingwhetheraclaim hasbeenprovedbyapreponderanceoftheevidence, youmayconsidertherelevanttestimonyof allwitnesses,regardlessofwhomayhavecalledth em,andalltherelevantexhibitsreceivedin evidence,regardlessofwhomayhaveproducedthem.

Inyoufindthatthecredibleevidenceonagiveni ssueisevenlydividedbetweentheparties– thatitisequallyprobablethatonesideisright asitisthattheothersideisright–thenyoumu st decidetheissueagainstthepartyhavingthisburd enofproof.Thatisbecausethepartybearing hisburdenmustprovemorethansimpleequalityof evidence–hemustprovetheelementat issuebyapreponderanceoftheevidence.Solong asyoufindthatthescalestip,however slightly,infavorofthepartywiththisburdenor proof–thatwhatthepartyclaimsismorelikely truethannottrue–thenthatelementwillhavebe enprovedbyapreponderanceoftheevidence.

Someofyoumayhaveheardofproofbeyondareason abledoubt,whichistheproperstandard ofproofinacriminaltrial.Thatrequirementdoe snotapplytoacivilcasesuchasthisandyou shouldputitoutofyourmind.

ModernFederalJuryInstructions§73-2.

### _PLAINTIFF'S REQUESTED INSTRUCTION NO. 10_

### **WHAT IS AND IS NOT EVIDENCE**

The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence, stipulations, and judicially noticed facts.

By contrast, the question of a lawyer is not to be considered by you as evidence. It is the witnesses' answers that are evidence, not the questions. At times, a lawyer on cross-examination may have incorporated into a question a statement which assumed certain facts to be true, and asked the witness if the statement was true. If the witness denied the truth of a statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.

The famous example of this is the lawyer's question of a married witness: "When did you stop beating your wife?" You would not be permitted to consider as true the assumed fact that he ever beat his wife, unless the witness himself indicated that he had, or unless there was some other evidence in the record that he had beaten his wife.

Testimony that has been stricken or excluded is not evidence and may not be considered by you in rendering your verdict. Also, if certain testimony was received for a limited purpose – such as for the purpose of assessing a witness' credibility – you must follow the limiting instructions I have given.

Arguments by lawyers are not evidence, because the lawyers are not witnesses. What they have said to you in their opening statements and in their summations is intended to help you understand the evidence to reach your verdict. However, if your recollection of the facts differs from the lawyers' statements, it is your recollection which controls.

Exhibits which have been marked for identification may not be considered by you as evidence until and unless they have been received in evidence by the court.

To constitute evidence, exhibits must be received in evidence. Exhibits marked for identification but not admitted are not evidence, nor are materials brought forth only to refresh a witness' recollection.

Finally, statements which I may have bade concerning the quality of the evidence do not constitute evidence.

It is for you alone to decide the weigh, if any, to be given to the testimony you have heard and the exhibits you have seen.

Modern Federal Jury Instructions §74-1.

### *PLAINTIFF'S REQUESTED INSTRUCTION NO. 11*

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two types of evidence which you may properly use in reaching your verdict.

One type of evidence is direct evidence. Direct evidence is when a witness testifies about something he knows by virtue of his own senses – something he has seen, felt, touched, or heard. Direct evidence may also be in the form of an exhibit where the fact to be proved is its present existence or condition.

Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts. There is a simple example of circumstantial evidence which is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella which was dripping wet. Then a few minutes later another person also entered with a wet umbrella. Now, you cannot look outside of the courtroom and you cannot see whether or not is raining. So you have no direct evidence of that fact. But on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact.

Circumstantial evidence is of no less value than direct evidence; for, it is a general rule that the law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict must be based on (e.g., a preponderance of) all the evidence presented.

Modern Federal Jury Instructions §74-2.

### *PLAINTIFF'S REQUESTED INSTRUCTION NO. 12*

## STIPULATION OF FACTS

A stipulation of facts is an agreement among the parties that a certain fact is true. You must regard such agreed facts as true.

Modern Federal Jury Instructions § 74-4.

### *PLAINTIFF'S REQUESTED INSTRUCTION NO. 13*

### **INTERROGATORIES**

You have heard and seen evidence in this case which is in the form of interrogatories.

Interrogatories are written questions posed by one side which call for written answers under oath from the other side. Both the questions and answers are made prior to trial after the case has begun in what is called pretrial discovery, and each side is entitled to seek such discovery from the other.

You may consider a party's answers to interrogatories as evidence against a party who made the answer, just as you would any other evidence which has been admitted in this case.

In this regard, you are not required to consider a party's answers to interrogatories as true, nor are you required to give them more weight than any other evidence. It is up to you to determine what weight, if any, should be given to the interrogatory answers which have been admitted as evidence.

Modern Federal Jury Instructions § 74-13.

### *PLAINTIFF'S REQUESTED INSTRUCTION NO. 14*

### DEPOSITIONS

Some of the testimony before you is in the form of depositions which have been received in evidence. A deposition is simply a procedure where the attorneys for one side may question a witness or an adversary party under oath before a court stenographer prior to trial. This part of the pretrial discovery, and each side is entitled to take depositions. You may consider the testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony of a witness given at trial.

Modern Federal Jury Instructions §74-14.

### *PLAINTIFF'S REQUESTED INSTRUCTION NO. 15*

### INFERENCE DEFINED

During the trial you have heard the attorneys use the term "inference," and in their arguments they have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is a reasoned logical conclusion that a disputed fact exists on the basis of another fact which has been shown to exist.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The plaintiff asks you to draw one set of inferences, while the defense asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation, an inference is a deduction or conclusion which you, the jury, are permitted to draw – but not required to draw – from the facts which have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.

Modern Federal Jury Instructions § 75-1.

### PLAINTIFF'S REQUESTED INSTRUCTION NO. 16

### UNCALLED WITNESS NOT EQUALLY AVAILABLE

You *may* have heard evidence about a witness who has not been called to testify. Counsel for plaintiff or defendant *may* argue that this witness could have given material testimony in this case, and that the *other side* was in the best position to produce this witness.

If you find that this witness could have been called as a witness by *a party*, and that *the party* was in the best position to produce him, and that his witness would have given important new testimony, then you are permitted, but not required, to infer that the testimony of this witness would have been unfavorable to *that party*.

In deciding whether to draw this inference, you should consider whether this witness's testimony would merely have repeated other testimony and evidence already before you. You may also consider whether the *party* had a reason for not calling this witness which was explained to your satisfaction.

Any inferences you decide to draw should be based on all of the facts and circumstances of this case.

Modern Federal Jury Instructions §75-3.

### *PLAINTIFF'S REQUESTED INSTRUCTION NO. 17*

### **PARTY'S FAILURE TO PRODUCE EVIDENCE**

You have heard testimony about *an "Explanation of Rights" form* which has not been produced. Counsel for *Mr. Thompson* has argued that this evidence was in defendant's control and would have proven facts material to the matter in controversy.

If you find that the defendant *s* could have produced the *"Explanation of Rights" form*, and that the *"Explanation of Rights" form* was within *their* control, and that *the "Explanation of Rights" form* would have been material in deciding among the facts in dispute in this case, then you are permitted, but not required, to infer that the evidence would have been unfavorable to the defendant*s*.

In deciding whether to draw this inference, you should consider whether the *"Explanation of Rights" form* not produced would merely have duplicated other evidence before you. You may also consider whether the defendants had a reason for not producing this evidence, which was explained to your satisfaction Again, any inference you decide to draw should be based on all of the facts and circumstances in this case.

Modern Federal Jury Instructions §75-7.

BALT01:719787v1|G2839-000000 6/18/2003

## *PLAINTIFF'S REQUESTED INSTRUCTION NO. 18*

## SPOLIATION OF EVIDENCE

If you find

1.    That the defendants had control over the Explanation of Rights form

2.    That the Defendants had an obligation to preserve that document.

3.    That the Defendants lost or destroyed that document; and

4.    That at the time Defendants lost or destroyed that document, they were likely aware of the the Mr. Thompson's claims and the relevance of that evidence to those claims

then you should presume that the Explanation of Rights form, had it been available and introduced in the trial, would have supported Mr. Thompson's claims.

Thompson v. U.S. Dept. of Housing and Urban Development, 219 F.R.D. 93, 100-101 (D. Md. 2003)

### _PLAINTIFF'S REQUESTED INSTRUCTION NO. 19_

### WITNESS CREDIBILITY

You have had the opportunity to observe all the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his testimony.

It must be clear to you by now that you are being called upon to resolve various factual issues raised by the parties in the fact of very different pictures painted by both sides. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you decide the truth and the importance of each witness' testimony.

How do you determine where the truth lies? You watched the witness testify. Everything a witness said or did on the witness stand counts in your determination. How did the witness impress you? Did he appear to be frank, forthright and candid, or evasive and edgy as if hiding something? How did the witness appear; what was his demeanor – that is, his carriage, behavior, bearing, manner and appearance while testifying? Often it is not what a person says but how he says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. You should consider the opportunity the witness had to see, hear, and know the things about which he testified, the accuracy of his memory, his candor or lack of candor, his intelligence, the reasonableness and probability of his testimony and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment and your own life experience.

Modern Federal Jury Instructions § 76-1.

### *PLAINTIFF'SREQUESTEDINSTRUCTIONNO.20*

## BIAS

Indecidingwhethertobelieveawitness,youshoul        dspecificallynoteanyevidenceofhostility or affection which the witness may have towards one        of the parties.  Likewise, you should considerevidenceofanyotherinterestormotivet        hatthewitnessmayhaveincooperatingwitha particularparty.

Itisyourdutytoconsiderwhetherthewitnesshas        permittedanysuchbiasorinteresttocolorhis testimony.  In short, if you find that a witness is        biased, you should view his testimony with caution,weightitwithcareandsubjectittoclos        eandsearchingscrutiny.

ModernFederalJuryInstructions§76-2.

***PLAINTIFF'S REQUESTED INSTRUCTION NO. 21***

**INTEREST IN OUTCOME**

In evaluating the credibility of the witnesses, you should take into account any evidence that a witness may benefit in some way from the outcome of the case. Such interest in the outcome creates a motive to testify falsely and may sway a witness to testify in a way that advances his own interests. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of the trial, then you should bear that factor in mind when evaluating the credibility of his testimony, and accept it with great care.

Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved. There are many people who, no matter what their interest in the outcome of the case may be, would not testify falsely. It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, the witness' interest has affected his testimony.

Modern Federal Jury Instructions §76-3.

## _PLAINTIFF'S REQUESTED INSTRUCTION NO. 22_

## ASSAULT–LIABILITY

An assault is an intentional threat, either by words or acts, to physically harm another person without that person's consent. Actual contact is unnecessary. However, it must appear to the other person that the one making the threat has the present ability to carry it out, and the person threatened must be put in reasonable fear of imminent harm.

Maryland Civil Pattern Jury Instructions §15:1

*PLAINTIFF'S REQUESTED INSTRUCTION NO. 23*

**BATTERY–LIABILITY**

A battery is the intentional touching of a person without that person's consent. Touching includes the intentional putting into motion of any thing that touches another person, or that touches something that is connected with, or in contact with, another person. In order to be a battery, the touching must be harmful or offensive. A touching is harmful if it causes physical pain, injury or illness. A touching is offensive if it offends the other person's reasonable sense of personal dignity.

Maryland Civil Pattern Jury Instructions § 15:2.

### *PLAINTIFF'S REQUESTED INSTRUCTION NO. 24*

### **COMPENSATORY DAMAGES FOR BODILY INJURY**

In action for damages *on claims of assault and battery*, you shall consider the following:

(1)  The personal injuries sustained and their extent and duration;

(2)  The effect such injuries have on the overall physical and mental health and well-being of the plaintiff;

(3)  The physical pain and mental anguish suffered in the past and which with reasonable probability may be expected to be experienced in the future;

(4)  The disfigurement and humiliation or embarrassment associated with such disfigurement;

(5)  The medical and other expenses reasonably and necessarily incurred in the past and which with reasonable probability may be expected in the future;

(6)  The loss of earnings in the past and such earnings or reduction in earning capacity which with reasonable probability may be expected in the future.

In awarding damages in this case you must itemize your verdict or award to show the amount intended for:

(1)  The medical expenses incurred in the past;

(2)  The medical expenses reasonably probable to be incurred in the future;

(3)  The loss of earnings and/or earning capacity incurred in the past;

(4)  The loss of earnings and/or earning capacity reasonably probable to be expected in the future;

(5)  The "Noneconomic Damages" sustained in the past and reasonably probable to be sustained in the future. All damages which you may find for pain, suffering, inconvenience, physical impairment, disfigurement, loss of consortium, or other nonpecuniary injury are "Noneconomic Damages";

(6)  Other damages.

Maryland Civil Pattern Jury Instructions § 10:2.

### *PLAINTIFF'S REQUESTED INSTRUCTION NO. 25*

### **COMPENSATORY DAMAGES**

The purpose of the law of damages is to award, as far as possible, just and fair compensation for the loss, if any, which resulted from the defendants' violation of the plaintiff's rights. If you find that the defendants are liable on the claims, as I have explained them, then you must award the plaintiff sufficient damages to compensate him for any injury proximately caused by the defendants' conduct.

These are known as "compensatory damages." Compensatory damages seek to make the plaintiff whole – that is, to compensate him for the damage that he has suffered. Furthermore, compensatory damages are not limited merely to expenses that plaintiff may have borne. A prevailing plaintiff is entitled to compensatory damages for the physical injury, pain and suffering, mental anguish, shock and discomfort that he has suffered because of a defendant's conduct.

I remind you that you may award compensatory damages only for injuries that a plaintiff proves were proximately caused by a defendant's allegedly wrongful conduct. The damages that you award must be fair and reasonable, neither inadequate nor excessive. You should not award compensatory damages for speculative injuries, but only for those injuries that a plaintiff has actually suffered or which he is reasonably likely to suffer in the near future.

In awarding compensatory damages, if you decide to award them, you must be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require a plaintiff to prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

In all instances, you are to use sound discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence.

Modern Federal Jury Instructions § 77-3.

### *PLAINTIFF'S REQUESTED INSTRUCTION NO. 26*

### **PUNITIVE DAMAGES – GENERALLY**

If you find for *Mr. Thompson* and award damages to compensate for the injuries suffered *as a result of assault or battery*, you may go on to consider whether to make an award for punitive damages. An award of punitive damages must be proven by clear and convincing evidence.

An award for punitive damages should be:

    (1)    In an amount that will deter the defendants and others from similar conduct;

    (2)    Proportionate to the wrongfulness of the defendants' conduct and the defendants' ability to pay;

    (3)    But not designed to bankrupt or financially destroy a defendant.

Maryland Civil Pattern Jury Instructions § 10:12.

### *PLAINTIFF'S REQUESTED INSTRUCTION NO. 27*

### **PUNITIVE DAMAGES**

If you should find that the defendants are liable for *Mr. Thompson's* injuries *with respect to his assault or battery claims*, then you have the discretion to award, in addition to compensatory damages, punitive damages. You may award punitive damages if *Mr. Thompson* proves that the defendants' conduct was malicious and reckless, not merely unreasonable. An act is malicious and reckless if it is done in such a manner, and under such circumstances, as to reflect utter disregard for the potential consequences of the act on the safety and rights of others. The purposes of punitive damages is to punish a defendant for shocking conduct and to set an example in order to deter him and others from committing similar acts in the future. Punitive damages are intended to protect the community and to be an expression of the jury's indignation at the misconduct.

The awarding of punitive damages is within your discretion – you are not required to award them. Punitive damages are appropriate only for especially shocking and offensive misconduct. If you decide to award punitive damages, you must use sound reason in setting the amount – it must not reflect bias, prejudice, or sympathy toward any party. But the amount can be as large as you believe necessary to fulfill the purpose of punitive damages. In this regard, you may consider the financial resources of the defendants in fixing the amount of punitive damages (and you may impose punitive damages against one or more of the defendants, and not others, or against more than one defendant in different amounts).

Modern Federal Jury Instructions §77-5.

### *PLAINTIFF'S REQUESTED INSTRUCTION NO. 28*

### **PRINCIPAL–AGENT–DEFINED**

a.    Principal–Generally

A principal is the person who has permitted or directed another person to act for the principal's benefit and subject to the principal's discretion and control

b.    Agent–Generally

An agent is the person who has agreed to act for the principal's benefit and who is subject to the principal's direction and control.

Maryland Civil Pattern Jury Instructions, §3:1.

### *PLAINTIFF'S REQUESTED INSTRUCTION NO. 29*

## EMPLOYER/EMPLOYEE RELATIONSHIP

In determining the existence of an employment relationship, five elements/tests are considered:

    (1)    the power to select and hire the employee,

    (2)    the payment of wages,

    (3)    the power of discharge,

    (4)    the power to control an employee's conduct, and

    (5)    whether the work is part of the regular business of the employee.

The most important test in determining whether an employment relationship exists is whether the employer has the right to control and direct the manner of the work.

Maryland Civil Pattern Jury Instructions, §3:2.

### PLAINTIFF'S REQUESTED INSTRUCTION NO. 30

### RESPONDEAT SUPERIOR

An employer or a principal is responsible for injuries or damages caused to others by acts of employees or agents if the acts causing the injuries or damages were within the scope of employment.

The defendants are sued as employer and employee. The defendant *Baltimore City Police Department* is the employer and the defendant *Stephen Martin* is the employee. If *Mr. Martin* is responsible for the acts about which complaint is made by *Mr. Thompson*, the *Baltimore City Police Department* is also responsible.

*Stephen Martin* was acting as the employee of the defendant *Baltimore City Police Department* at the time of the acts about which complaint is made by *Mr. Thompson*. The employer, *Baltimore City Police Department*, is responsible if *Mr.* Martin did the acts about which complaint is made by *Mr. Thompson*.

Maryland Civil Pattern Jury Instructions, §3:3.

### *PLAINTIFF'S REQUESTED INSTRUCTION NO. 31*

### **SCOPE OF EMPLOYMENT**

An employee or agent is acting within the scope of the employment when performing services for which the employee has been engaged or when the employee is acting in furtherance of the employer's or principal's interests.

Maryland Civil Pattern Jury Instructions, §3:4.

### *PLAINTIFF'S REQUESTED INSTRUCTION NO. 32*

## RESPONDEAT SUPERIOR – INTENTIONAL TORTS

A principal or employer may be liable for the intentional actions of his or her agent, even though forbidden or done in a forbidden or criminal manner, if actions are within the scope and in furtherance of the principal's or employer's business and the harm complained of was foreseeable.

Maryland Civil Pattern Jury Instructions, §3:5.

### *PLAINTIFF'S REQUESTED INSTRUCTION NO. 33*

## THE STATUTE

Federal civil rights law which provides a remedy for individuals who have been deprived of their constitutional rights under color of state law.

Section 1983 of Title 42 of the United States Code states:

> Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Modern Federal Jury Instructions §87-65.

### *PLAINTIFF'S REQUESTED INSTRUCTION NO. 34*

### **PURPOSE OF THE STATUTE**

Section 1983 creates a form of liability in favor of persons who have been deprived or rights, privileges and immunities secured to them by the United States Constitution and federal statutes. Before section 1983 was enacted in 1871, people so injured were not able to sue state officials or persons acting under color of state law for money damages in federal court. In enacting the statute, Congress intended to create a remedy as broad as the protection provided by the Fourteenth Amendment and federal laws.

Section 1983 was enacted to give people a federal remedy enforceable in federal court because it was feared that adequate protection of federal rights might not be available in state courts.

Modern Federal Jury Instructions § 87-66.

BALT01:719787v1|G2839-0000006/18/2003

### *PLAINTIFF'S REQUESTED INSTRUCTION NO. 35*

### **BURDEN OF PROOF**

I shall shortly instruct you on the elements of *Mr. Thompson's* section 1983 claim, and on the elements of defendants' qualified immunity defense.

*Mr. Thompson* has the burden or proving each and every element of his section 1983 claim by a preponderance of the evidence. If you find that any one of the elements of *Mr. Thompson's* section 1983 claim has not been proven by a preponderance of the evidence, you must return a verdict for the defendants.

The defendants have the burden of proving each element of their affirmative defense. I shall shortly instruct you on the elements of this defense. If you find that any one of the elements of defendants' defense has not been proven by a preponderance of the evidence, you must disregard the defense.

Modern Federal Jury Instructions §87-67

### *PLAINTIFF'S REQUESTED INSTRUCTION NO. 36*

### ELEMENTS OF A SECTION 1983 CLAIM

To establish a claim under section 1983, *Mr. Thompson* must establish, by a preponderance of the evidence, each of the following three elements:

First, that the conduct complained of was committed by a person acting under color of state law;

Second, that this conduct deprived *Mr. Thompson* of rights, privileges or immunities secured by the Constitution or laws of the United States; and

Third, that the defendant's acts were the proximate cause of the injuries and consequent damages by the plaintiff.

I shall now examine each of the three elements in greater detail.

Modern Federal Jury Instructions § 87-68.

### *PLAINTIFF'S REQUESTED INSTRUCTION NO. 37*

### DEFINTION

The first element of the *Mr. Thompon's Section 1983* claim is that the defendants acted under color of state law. The phrase "under color of state law" is a shorthand reference to the words of section 1983, which includes within its scope action taken under color of any statute, ordinance, regulation, custom or usage, of any state. The term "state" encompasses any political subdivision of a state, such as a county or city, and also any state agencies or a county or city agency.

Action under color of state law means action that is made possible only because the actor is clothed with the authority of the state. Section 1983 forbids action taken under color of state law where the actor misuses power that he possesses by virtue of state law.

An actor may misuse power that he possesses by virtue or state law even if his acts violate state law; what is important is that the defendants are clothed with the authority of state law, and that the defendants' actions were made possible by virtue of state law.

Modern Federal Jury Instructions §87-69.

### *PLAINTIFF'S REQUESTED INSTRUCTION NO. 38*

### STATE OFFICIAL ACTING UNDER COLOR OF STATE LAW AS A MATTER OF LAW

Whether the defendants committed the acts alleged by *Mr. Thompson* is a question of fact for you, the jury, to decide. I will instruct you in a moment on how you will decide that issue. For now, assuming that the defendants did commit those acts, I instruct you that, since the defendants are officials of the state of Maryland at the time of the acts in question, *Stephen Martin* was acting under color of state law. In other words, the first statutory requirement is satisfied.

Modern Federal Jury Instructions §87-70.

### *PLAINTIFF'S REQUESTED INSTRUCTION NO. 39*

### GENERAL INSTRUCTION

The second element of *Mr. Thompson's Section 1983* claim is that he was deprived of a federal right by the defendants. In order for *Mr. Thompson* to establish the second element, he must show these tings by a preponderance of the evidence: first, that the defendants committed the acts alleged by *Mr. Thompson*; second, that those acts caused *Mr. Thompson* to suffer the loss of a federal right; and third, that in performing the acts alleged, the defendants acted *intentionally or recklessly.*

Modern Federal Jury Instructions § 87-74.

### *PLAINTIFF'S REQUESTED INSTRUCTION NO. 40*

### **EXCESSIVE FORCE**

The Fourth Amendment to the United States Constitut ion protects persons from being subjected to excessive force while *in police custody* .

In the instant case, *Mr. Thompson* claims that he was subjected to excessive force by the *Mr. Martin while Mr. Thompson was in Mr. Martin's custody* . Again, you first must determine whether *Mr. Martin* committed the alleged acts. To determine whether the acts caused *Mr. Thompson* to suffer the loss of a federal right, you must de termine whether the amount of force used was that which a reasonable officer would have employed under similar circumstances. If you find that the amount of force used was greater than a reasonable person would have employed, *Mr. Thompson* will have established the claim of loss of a feder al right.

Modern Federal Jury Instructions § 87-74C.

### *PLAINTIFF'S REQUESTED INSTRUCTION NO. 41*

### **DELIBERATE INDIFFERENCE**

*Mr. Thompson* alleges that the defendants were deliberately indifferent to *his alleged attack by Mr. Martin and Mr. Thompson's* serious medical needs. When *police* officials are so deliberately indifferent to *excessive force or* serious medical needs **,** as to unnecessarily and wantonly inflict pain, they impose cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution. *Mr. Thompson* must demonstrate by a preponderance of the evidence that the defendants knew of and disregarded an excessive risk to the plaintiff's health and safety – in other words, the defendants must have both been aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and they also must have drawn such an inference. Mere negligence is not enough, nor is it enough that a reasonable person would have know, or that the defendants should have known, of the *substantial risk of serious harm and* serious medical needs.

Modern Federal Jury Instructions §87-74D.

### _PLAINTIFF'S REQUESTED INSTRUCTION NO. 42_

### STATE OF MIND – GENERAL

I instruct you that, to establish a claim under section 1983, _Mr. Thompson_ must show that the defendants acted intentionally or recklessly. If you find that the acts of the defendants were merely negligent, then, even if you find that _Mr. Thompson_ was injured as a result of those acts, you must return a verdict for the defendants.

Modern Federal Jury Instructions § 87-75.

### PLAINTIFF'S REQUESTED INSTRUCTION NO. 43

### STATE OF MIND – INTENTIONAL

An act is intentional if it is done knowingly, that is if it is done voluntarily and deliberately and not because of mistake, accident, negligence or other innocent reason. In determining whether the defendants acted with the requisite knowledge, you should remember that while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a persons' mind. Therefore, you have to depend on what was done and what the people involved said was in their minds and your belief or disbelief with respect to those facts.

Modern Federal Jury Instructions § 87-76.

### *PLAINTIFF'S REQUESTED INSTRUCTION NO. 44*

### **STATE OF MIND – RECKLESSNESS**

An act is reckless if done in conscious disregard of its known probable consequences. In determining whether the defendants acted with the requisite recklessness, you should remember that while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind. Therefore, you have to depend on what was done and what the people involved said was in their minds and your belief or disbelief with respect to those facts.

Modern Federal Jury Instructions §87-77

### *PLAINTIFF'S REQUESTED INSTRUCTION NO. 45*

### STATE OF MIND – NEGLIGENCE

An act is negligent if the defendant was under a duty or obligation, recognized by law, that required him to adhere to a certain standard of conduct to protect others against unreasonable risks, and he breached that duty or obligation.

Modern Federal Jury Instructions § 87-78.

### *PLAINTIFF'S REQUESTED INSTRUCTION NO. 46*

### PROXIMATE CAUSE – GENERALLY

The third element which *Mr. Thompson* must prove is that the defendants' acts were a proximate cause of the injuries sustained by *Mr. Thompson*. Proximate cause means that there must be a sufficient casual connection between the act or omission of a defendant and any injury or damage sustained by the plaintiff. An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing injury, that is, if the injury or damage was a reasonably foreseeable consequence of the defendant's act or omission. If an injury was a direct result or a reasonably probable consequence of defendant's act or omission, it was proximately caused by such act or omission. In other words, if a defendant's act or omission had such an effect in producing the injury that reasonable persons would regard it as being a cause of the injury, then the act or omission is a proximate cause.

In order to recover damages for any injury, *Mr. Thompson* must show be a preponderance of the evidence that such injury would not have occurred without the conduct of the defendant. If you find that the defendant has proved, by a preponderance of the evidence, that the plaintiff complains about an injury which would have occurred even in the absence of the defendant's conduct, you must find that the defendant did not proximately cause plaintiff's injury.

A proximate cause need not always be the nearest cause either in time or in space. In addition, there may be more than one proximate cause of an injury or damage. Many factors or the conduct of two people may operate at the same time, either independently or together, to cause an injury.

A defendant is not liable if plaintiff's injury was caused by a new or independent source of an injury which intervenes between the defendant's act or omission and the plaintiff's injury and which produces a result which is not reasonably foreseeable by the defendant.

Modern Federal Jury Instructions §87-79.

### PLAINTIFF'S REQUESTED INSTRUCTION NO. 47

### MUNICIPALITIES–GENERAL INSTRUCTION

The fact that employees of *the Baltimore City Police Department* deprived *Mr. Thompson* of a federal right is not alone a sufficient basis for holding the *Department* liable to *Mr. Thompson* on *Mr. Thompson's Section 1983 claim*. Before you can hold the *Department* liable, *Mr. Thompson* must establish by a preponderance of the evidence that the action of the employees which deprived him of his federal right was the result of an "official policy" of the *Department* or a *departmental* custom, even though such a custom has not received formal approval through the *Department's* official decision-making channels. Thus, before you can hold the *Department* liable, you must be convinced that the acts in question were officially sanctioned or ordered by the *Department*.

There is no requirement, however, that the action was taken pursuant to a long-standing or regularly applied policy of the *Department*. A government *agency* frequently chooses a course of action tailored to a particular situation. Even if you determine that the particular policy was established for a single occasion, you may still find that it represented an official policy of the *Department*, provided that a deliberate choice to follow a course of action was made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.

Modern Federal Jury Instructions § 87-81.

BALT01:719787v1|G2839-000000 6/18/2003

*PLAINTIFF'S REQUESTED INSTRUCTION NO. 48*

**MUNICIPALITIES – PRACTICE AND CUSTOM**

Whether an official practice or custom exists is a          question of fact for you to determine.  A practice or custom is a persistent, widespread cour          se of conduct by   *police* officers that has become a traditional way of carrying out policy, an          d has acquired the force of law, even though the *Department* has not formally adopted or announced the custom.


Modern Federal Jury Instructions § 87-83.

### *PLAINTIFF'S REQUESTED INSTRUCTION NO. 49*
### COMPENSATORY DAMAGES

Just because I am instructing you on how to award damages *with respect to Mr. Thompson's Section 1983 claim* does not mean that I have any opinion on whether or not the defendants should be held liable *on that claim*.

If you return a verdict for *Mr. Thompson on his Section 1983 claim*, then you must consider the issue of actual damages.

If you return a verdict for *Mr. Thompson*, then you must award him such sum of money as you believe will fairly and justly compensate him for a ny injury you believe he actually sustained as a direct consequence of the conduct of the defendan ts.

You shall award actual damages only for those injur ies which you find that *Mr. Thompson* has proven by a preponderance of the evidence. Moreove r, you shall award actual damages only for those injuries which you find *Mr. Thompson* has proven by a preponderance of the evidence to have been the direct result of conduct by the defen dants in violation of section 1983. That is, you may not simply award actual damages only for th ose injuries that are a direct result of actions by these defendants and that are a direct r esult of conduct by defendants which violated *Mr. Thompson's* federal rights under color of law.

Actual damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial, and only on that evide nce.

Modern Federal Jury Instructions §87-87.

### _PLAINTIFF'S REQUESTED INSTRUCTION NO. 50_

### DAMAGES FOR THE MERE FACT OF VIOLATION

If you return a verdict for _Mr. Thompson on his Section 1983 claim_, but find that _Mr. Thompson_ has failed to prove by a preponderance of the evidence that he suffered any actual damages, then you must return an award of damages in some nominal or token amount not to exceed the sum of one dollar.

Nominal damages must be awarded when the plaintiff has been deprived by defendant of a constitutional right but has suffered no actual damage as a natural consequence of that deprivation. The mere fact that a constitutional deprivation occurred is an injury to the person entitled to enjoy that right, even when no actual damages flow from the deprivation. Therefore, if you find that plaintiff has suffered no injury as a result of the defendant's conduct other than the fact of a constitutional deprivation, you must award nominal damages not to exceed one dollar.

Modern Federal Jury Instructions § 78-1.

### PLAINTIFF'S REQUESTED INSTRUCTION NO. 51

### CAUSATION AND DAMAGES

I have said that you may award damages only for those injuries which you find *Mr. Thompson* has proven by a preponderance of evidence to have been the direct result of conduct by the defendants in violation of section 1983. You must distinguish between, on the one hand, the existence of a violation of *Mr. Thompson's* rights and, on the other hand, the existence of injuries naturally resulting from that violation. Thus, even if you find that the defendants deprived *Mr. Thompson* of his rights in violation of section 1983, you must ask whether *Mr. Thompson* has proven by a preponderance of the evidence that the deprivation caused the damages that he claims to have suffered.

Modern Federal Jury Instructions §87-89.

## *PLAINTIFF'S REQUESTED INSTRUCTION NO. 52*

## EXEMPLARY OR PUNITIVE DAMAGES

If you award *Mr. Thompson* actual damages *on his Section 1983 claim*, then you may also make him a separate and additional award of exemplary or punitive damages. You may also make an award of punitive damages even though you find that *Mr. Thompson* has failed to establish actual damages. Punitive damages are awarded, in the disc retion of the jury, to punish a defendant for extreme or outrageous conduct, or to deter or preve nt defendants and others like them from committing such conduct in the future.

You may award *Mr. Thompson* punitive damages if you find that the acts or omis sions of the defendants were done maliciously or wantonly. An a ct or failure to act is maliciously done if it is prompted by ill will or spite towards the injure d person. An act or failure to act is wanton if done in a reckless or callous disregard of, or indi fference to, the rights of the injured person. The plaintiff has the burden of proving, by a preponder ance of the evidence, that defendants acted maliciously or wantonly with regard to the plaintif f's rights.

An intent to injure exists when the defendant has a conscious desire to violate federal rights of which he is aware, or when the defendant has a cons cious desire to injure plaintiff in a manner he knows to be unlawful. A conscious desire to perfor m the physical acts that caused plaintiff's injury, or to fail to undertake certain acts, does not by itself establish that defendant has a conscious desire to violate rights or injure plaint iff unlawfully.

If you find by a preponderance of the evidence that the defendant acted with malicious intent to violate *Mr. Thompson's* federal rights or unlawfully injure him or if you find that defendants acted with a callous or reckless disregard of the p laintiff's rights, then you may award punitive damages. An award of punitive damages, however, is discretionary; that is, if you find that the legal requirements for punitive damages are satisfi ed, then you may decide to award punitive damages, or you may decide not to award them.

In making this decision, you should consider the un derlying purpose of punitive damages. Punitive damages are awarded in the jury's discreti on to punish a defendant for outrageous conduct or to deter him and others like him from pe rforming similar conduct in the future. Thus, in deciding whether to award punitive damages, you should consider whether defendants may be adequately punished by an award of actual damages o nly, or whether the conduct is so extreme and outrageous that actual damages are inadequate t o punish the wrongful conduct. You should also consider whether actual damages standing along are likely to deter or prevent this defendant from again performing any wrongful acts he may have performed or whether punitive damages are necessary to provide deterrence. Finally, you should consider whether punitive damages are likely to deter or prevent other persons from perfo rming wrongful acts similar to those defendants may have committed.

If you decide to award punitive damages, these same purposes should be considered by you in determining the appropriate sum of money to be awar ded as punitive damages. That is, in fixing the sum to be awarded, you should consider the degr ee to which defendants should be punished

for their wrongful conduct, and the degree to which defendants or persons like them from committing wrong an award of one sum or another will deter ngful acts in the future.

The extent to which a particular sum of money will extent to which a particular sum will adequately de upon the financial resources of the defendant again you find that punitive damages should be awarded ag financial resources of the defendants in fixing the adequately punish a defendant, and the ter or prevent future misconduct, may depend st which damages are awarded. Therefore, if ainst the defendants, you may consider the amount of such damages.

Modern Federal Jury Instructions § 87-92.

### *PLAINTIFF'S REQUESTED INSTRUCTION NO. 53*

### RIGHT TO SEE EXHIBITS AND HEAR TESTIMONY; COMMUNICATIONS WITH COURT

You are about to go into the jury room and begin yo        ur deliberations.  If during those deliberations you want to see any of the exhibits,        you may request that they be brought into the jury room. If you want any of the testimony read,        you may also request that. Please remember that it is not always easy to locate what you might        want, so be as specific as you possibly can in requesting exhibits or portions of the testimony.

Your requests for exhibits or testimony – in fact a        ny communication with the court – should be made to me in writing, signed by your foreperson, a        nd given to one of the marshals.  In any event, do not tell me or anyone else how the jury s        tands on any issue until after a unanimous verdict is reached.

Modern Federal Jury Instructions § 78-1.

### *PLAINTIFF'S REQUESTED INSTRUCTION NO. 54*

### **DUTY TO DELIBERATE/UNANIMOUS VERDICT**

You will now return to decide the case. In order to prevail, the plaintiff (or defendant) must sustain his or her burden of proof as I have explained to you with respect to each element of the complaint (or affirmative defense or counterclaim). If you find that the plaintiff has succeeded, you should return a verdict in his or her favor on that claim. If you find that the plaintiff failed to sustain the burden on any element of the claim, you should return a verdict against the plaintiff. (Similarly, if you find that the defendant has failed to sustain his or her burden with respect to any element of the defendant's affirmative defense (or counterclaim), you must return a verdict against the defendant on that defense or claim.)

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement. Each of you must decide the case for himself or herself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous. Your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors. Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion which in your good conscience appears to be in accordance with truth.

Again, each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and you discussions with your fellow jurors. No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict.

Modern Federal Jury Instructions §78-3.

### *PLAINTIFF'S REQUESTED INSTRUCTION NO. 55*

### **RETURN OF VERDICT**

After you have reached a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the marshal outside your door that you are ready to return to the courtroom.

I will stress that (if applicable: each of) you should be in agreement with the verdict which is announced in court. Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

Modern Federal Jury Instructions § 78-6.

### *PLAINTIFF'S REQUESTED INSTRUCTION NO. 56*

## SPECIAL VERDICT

I have prepared a special verdict form for you to use in recording your decision. The special verdict form is made up of questions concerning the important issues in this case. Your answers must (be unanimous and must) reflect the conscientious judgment of each juror. You should answer every question (except where the verdict form indicates otherwise).

Modern Federal Jury Instructions § 78-9.