# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
-Northern Division-

| | |
|---|---|
| SEAN JEFFREY THOMSON, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | *   Civil Action No.: WDQ 1-:02-CV-1989 |
| DETECTIVE STEPHEN MARTIN, | * |
| OFFICERS JOHN DOE 1-10, and | * |
| THE BALTIMORE CITY | * |
| POLICE DEPARTMENT, | * |
| | * |
| Defendants | * |

___

PROPOSED PRETRIAL ORDER

Plaintiff, Sean Jeffrey Thompson ("Thompson"), Defendant Stephen Martin, and the Baltimore City Police Department, by their respective undersigned attorneys and pursuant to L.R. 106 and the Court's recent request, propose the following pretrial order in this matter.

A.   **Plaintiff's Statement of Facts in Support of Claims**

On or about March 28, 2002, at aproxmiately 10:00 p.m., Thompson was arrested by officers of the Baltimore City Police Department and transported to the Department's Southwest District office where he was initially placed in a holding cell.  At some time between approximately 11 p.m., March 28, 2002 and 12 a.m., March 29, 2002, Thompson was removed from the holding cell and transferred to an interrogation room, where his right wrist was handcuffed to a table.  Defendant Martin, in his capacty as a Baltimore City Police Officer, entered the interrogation room and interrogated Thompson concerning an alleged crime.  During this interrogation Martin and Thompson were the

only individuals in the interrogation room.  However, the door to the room remained open, and upon information and beleif, other officers of the Baltimore City Police Department could hear and were aware of the events that transpired in the interrogation room.

During the interrogation process Detective Martin expressed his personal contempt for Thompson, calling him on at least one occasion a "lying piece of shit."

After finishing his interrogation , Defendant Martin unlocked the handcuff from the talbe and instructed Thompson to stand and place his hands on the wall.  Thompson complied with that instruction without hesitation or complaint.  Defendant Martin then placed Plaintiff Thompson's hands behind his back, Defendant Martin began taunting Thompson with statements of "you think you're tough" and the like.  Then Detective Martin struck Thompson in the head with his fist three times.  Thompson protested Defendant Martin's use of force.

Martin kicked Thompson's legs from under him, causing Thompson to fall violently to the floor.  While Thompson lay on the floor of the interrogation room in a fetal position, with his hands cuffed behind his back, Defendant Martin kicked Thompson's back.  Thompson was naturally in a sate of apprehension and fear that Detective Martin would continue his physical abuse of Thompson and cause him to suffer bodily harm and possibly death.  While Thompson was lyingon the floor and suffering physical abuse at the hands of Defendant Martin, Detective Martin continued to verbally abuse Thompson.  Defendant Martin grabbed Plaintiff Thompson's left foot, and violently and intentionally twisted Thompson's left ankle.  Detective Martin adjusted Thompson's handcuffs , and taunted Thompson about his injuries, saying "you're not so tough are you?" and the like.  Defendant Martin's battery of Thompson was intentional,

clearly excessive, objectively unreasonable, entirely unnecessary and the product of his ill will and malice toward Thompson.

Defendant Martin then left the interrogation room. As he did, he closed the door, which had remained open throughout the events described above. Given the nature of the events and the noise generated thereby, there is no question that other officers of the Baltimore City Police Department could hear and were aware of the events that transpired in the interrogation room. However, none of them interceded or attempted to intercede to prevent Detective Martin's verbal and physical abuse of Thompson.

Thompson was left lying on the floor of the interrogation room alone for over one hour without medical assistance. Then Thompson got up and sat down at the table.

After approximately one hour, Defendant Martin returned, handcuffed Thompson to the table, and attempted to further interrogate him. Plaintiff Thompson was then escorted out of the interrogation room to a police vehicle for transport to Central Booking by approximately five unnamed police officers. During the walk from the interrogation room to the police vehicle, Plaintiff Thompson experienced significant discomfort in his ankle, which was manifested by obvious limping on his part. He also had obvious difficulty in entering and exiting the vehicle. Despite his obvious injuries, none of the police officers took any action to obtain medical assistance for Thompson.

After being transported by police vehicle to Central Booking in Baltimore City, Plaintiff Thompson was escorted by a single officer from the vehicle to the Central Booking facilities. While at Central Booking, Thompson was forced by the officers to remain standing despite his obvious injuries and lost consciousness in the presence of the officers and Central Booking personnel. Only after Thompson lost consciousness at Central Booking was he transported to Mercy Medical Center ("Mercy") in Baltimore

City to receive medical attention for his injuries. X-rays of Thompson's ankle demonstrated that it was "severely sprained almost to the point of fracture." Plaintiff Thompson's ankle as placed n a half cast, and he was issued crutches to facilitate his movement. During the period fo time from April 2002 to September 2002, Plaintiff Thompson was housed on the medical tier of the correctional facility.

This civil action asserts claims of assault, battery, and deprivation of Plaintiff's Constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks compensable and punitive damages for injuries sustained as a result of actions committed by Defendants under color of law. In pursuant of these claims, Plaintiff alleges the following legal theories:

- Violations of 42 U.S.C. § 1983 by Defendant Martin and Defendants John Does 1-10 (Count I) and by the Defendant Baltimore City Police Department (Count II).

- Battery by Defendant Martin as an employee of the Baltimore City Police Department (Count III).

- Assault by Detective Martin as an employee of the Baltimore Police Department (Count IV).

**B.     Defendant Martin's Statement of Facts**

On or about March 28, 2002, at approximately 10 p.m., Thompson was arrested by officers of the Baltimore City Police Department and transported to the Department's Southwest District Office where he was initially placed in a holding cell. At some time between approximately 11 p.m. , March 28, 2002 and 12 a.m., March 29, 2002, Thompson was removed from the holding cell and transferred to an interrogation room, where his right wrist was handcuffed to a table. Defendant Martin, in his capacity as a Baltimore City Police Office, entered the interrogation room and interrogated Thompson

concerning an alleged crime. During this interrogation Martin and Thompson were not the only individuals in the interrogation room, as Detective Michelle McClosky was also present.

Detectives Martin and McClosky brought Thompson into the interrogation room and that once they read him his rights, he refused to be interviewed and was turned over to Officer Kahler for transportation to Central Booking. The entire encounter lasted less than five minutes, and Detective Martin had no other contact with Mr. Thompson and did not have any physical altercation with him. When custody was transferred to Officer Kahler, Mr. Thompson was uninjured and did not complain of any injuries or altercations between he and Detective Martin.

Detective Martin specifically denies the substance of Plaintiff's allegations against him, and denies that he either verbally or physically assaulted Thompson or had any contact with him other than the brief encounter when they entered the interrogation room.

C.   **Defendant Baltimore Police Department's Statement of Facts**

On or about March 28, 2002, at approximately 10 p.m., Thompson was arrested by officers of the Baltimore City Police Department and transported to the Department's Southwest District Office where he was initially placed in a holding cell. At some time between approximately 11 p.m. , March 28, 2002 and 12 a.m., March 29, 2002, Thompson was removed from the holding cell and transferred to an interrogation room, where his right wrist was handcuffed to a table. Defendant Martin, in his capacity as a Baltimore City Police Officer, entered the interrogation room and interrogated Thompson concerning an alleged crime. During this interrogation Martin and Thompson were not

the only individuals in the interrogation room, as Detective Michelle McClosky was also present.

Detectives Martin and McClosky did not interrogate Thompson because he refused. The Baltimore Police Department denies all charges made by him and Detective Martin. Neither Detective Martin nor the Baltimore Police Department violated any rights of the Plaintiff. There was never an assault or battery against the Plaintiff by Detective Martin. And the Baltimore Police Department does not condone such alleged violations. The Baltimore Police Department would also state that while it may be liable for compensatory damages, it is not liable or punitive damages.

**D.**     **Required Amendments to the Pleadings.**

No amendments to the pleadings are required at this time.

**E.**     **Issues to be Abandoned**.

No issues in the pleadings are to be abandoned.

**F.**     **Stipulations of Fact**

Both sides request that the other stipulate to the authenticity and admissibility of documents on their respective, though yet to be exchanged, exhibit list.

**G.**     **Damages Claimed or Other Relief Sought**

Thompson seeks an award of damages in the amount of Five Hundred Thousand Dollars ($500000.00) in compensatory damages and One Million Dollars ($1,000,000.00) in punitive damages for Defendants' violations of 42 U.S.C. § 1983 and that assault and battery perpetrated by Defendant Martin acting, under color of law, as an employee of the Baltimore Police Department.

**H.**     **Exhibit List**

- **Plaintiff's Exhibits**

    1. Blank Explanation of Rights form

    2. Explanation of Rights Form signed by Lisa Lascola

    3. May 19, 2002 Letter from Sean Jeffrey Thompson to Richard Dixon (Exhibit A to Plaintiff's Opposition to BCPD's Motion to Dismiss)

    4. May 19, 2002 Letter from Sean Jeffrey Thompson to City Solicitor (Exhibit B to Plaintiff's Opposition to BCPD's Motion to Dismiss)

- **Defendant Martin's Exhibits**

    1. Statement of Probable Cause - Baltimore Police Department

    2. Baltimore Police Department Records regarding Plaintiff's arrest

    3. Plaintiff's criminal conviction record

    4. Miranda Rights Report (If located by Baltimore Police Department)

- **Defendant Baltimore Police Department's Exhibits**

    1. So as not to be duplicative, the Baltimore Police Department will rely upon Defendant Martin's Exhibit List and Exhibits.

I. **Witness List**

- **Plaintiff's Witnesses**

    1. Mr. Sean Jeffrey Thompson

    2. Custodian of Records, Baltimore City Police Department

Plaintiff reserves the right to call any witnesses identified by Defendant in this pretrial Order.

- **Defendant Martin's Exhibits**

    1. Detective Stephen Martin

      2.     Detective Michelle McClosky

      3.     Officer Marc Kahler

      4.     Robert Neuens

      5.     Torrence D. Barbouro

- **Defendant Baltimore Police Department's Exhibits**

  1. The Baltimore Police Department intends to call those witness identified by the Plaintiff and Defendant Martin. In addition, the Baltimore Police Department intends to call Lisa Lascola.

**J.   Expert Witnesses**

None.

**K.   Deposition Designations.**

- Plaintiff's Deposition Designations

  None at this time.

- Defendant Martin's Deposition Designations

  None at this time.

- Defendant Baltimore Police Department's Deposition Designations

  None at this time.

**L.   Other Pretrial Relief**

Plaintiff intends to move in limine to exclude evidence of his prior criminal convictions, and to exclude the Statement of Probable Cause and other reports relating to his arrest. Plaintiff also intends to submit a spoliation instruction due to Defendant's inability to locate the "Explanation of Rights" form generated in connection with Plaintiff's arrest and interrogation. No other pretrial relief is requested by Plaintiff at this

time.

Defendant Martin intends to move in limine to exclude evidence of his prior internal affairs complaints.

Defendant Baltimore Police Department does not anticipate filing any motions in limine regarding any evidence in this matter.

Respectfully submitted,


_____/s/_____
          _____/s_____

| | |
|---|---|
| Robert S. Brennan | Troy A. Priest |
| Todd M. Reinecker | Brown & Sheehan, LLC |
| Miles & Stockbridge, P.C. | The Tide Building , Suite 300 |
| 10 Light Street | 1010 Hull Street |
| Baltimore, Maryland 21202 | Baltimore, Maryland 21230 |
| (410) 727-6464 | (410) 269-8500 |
| | |
| Attorney for Plaintiff, | Attorney for Defendant, |
| Sean Jeffrey Thompson | Detective Stephen Martin |


_____/s/_____
Kim Y. Johnson
Office of Legal Affairs
Baltimore Police Department
242 West 29th Street
Baltimore, Maryland 21211
(410) 396-2496

Attorney for Defendant
Baltimore Police Department

**READ AND APPROVED**


**DATE:** _____
         _____
                                        Hon. William D. Quarles, Jr.
                                        United States District Court for

The District of Maryland