IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**SEAN J. THOMPSON,**

    **Plaintiff**

v.                                Case No.: WDQ 1:02-CV-1989

**DETECTIVE STEPHEN MARTIN, et al.,**

    **Defendants.**

### DEFENDANT BALTIMORE POLICE DEPARTMENT'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF PRIOR CRIMINAL CONVICTIONS AND ARREST RECORDS

The Baltimore Police Department (the "Defendant"), by and through its undersigned attorney, files this Opposition to Plaintiff's Motion in Limine to Exclude Evidence of Prior Criminal Convictions and Arrest Records (the "Opposition"), and in support thereof states as follows:

The Plaintiff has asserted claims of deprivation of his Constitutional rights, as well as common law claims for assault and battery. He alleges that Defendant Stephen Martin ("Defendant Martin") was the primary person responsible for his injuries. He further states that other police officers were in, near and around him and Defendant Martin when these alleged acts of violence occurred.

The Plaintiff filed a Motion in Limine to Exclude Evidence of His Prior Criminal Convictions and Arrest Records (the "Motion in Limine"). By the Motion in Limine the Plaintiff seeks to limit the Defendants' ability to introduce certain evidence and testimony regarding his past criminal history, particularly the arrest and conviction of a crime which occurred in 2002 and forms the crux of the Plaintiff's claims in this case.

Defendant Martin as well as the Baltimore Police Department's intends to demonstrate that the alleged acts did not occur as stated by the Plaintiff. Collectively the Defendants intend to show that the Plaintiff's arrest and conviction have a direct bearing on how his alleged injuries occurred. The inability of the Defendants to introduce evidence to substantiate their defense, including the Plaintiff's conviction for the crimes committed on the date of the incident, are prejudicial to the Defendants.

The testimony of the witnesses identified by the Defendants will require that they testify as to the reasons they came into contact with the Plaintiff in the first instance. Without the testimony and evidence, the Defendants' case will be severely hampered.

WHEREFORE, Defendant Baltimore Police Department respectfully requests that the Court enter an Order

a. denying the Plaintiff's Motion in Limine; and

b. granting such other and further relief as is just and proper.

___/s/_____
Kim Y. Johnson
242 W. 29th Street
Baltimore, Maryland 21211
Telephone: (410) 396-2496

Attorney for the Defendant
Baltimore Police Department

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 11th day of March 2005, a copy of the Defendant Baltimore Police Department's Opposition to the Plaintiff's Motion in Limine, with proposed form of Order, was electronically served upon:

Robert Brennan, Esquire
Todd M. Reinecker, Esquire
Miles & Stockbridge, P.C.
10 Light Street
Baltimore, Maryland 21202

Troy A. Priest, Esquire
Brown & Sheehan, LLP
The Tide Building, Suite 300
1010 Hull Street
Baltimore, Maryland 21230

　　　/s/_____
Kim Y. Johnson