IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| SEAN J. THOMPSON, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case No.: WDQ-02-1989 |
| | * | |
| DETECTIVE STEPHEN MARTIN, et al., | * | |
| | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANT BALTIMORE POLICE DEPARTMENT'S
OPPOSITION IN RESPOINSE TO PLAINTIFF'S MOTION FOR NEW TRIAL**

The Baltimore Police Department, by and through its undersigned attorneys, files this Opposition in Response to Plaintiff's Motion for New Trial (the "Opposition") and in support thereof states as follows:

1.  On March 14, 2005, this Court commenced a jury trial of the Plaintiff's case. At the conclusion of evidence, over the motions of the Detective Stephen Martin ("Defendant Martin") and the Baltimore Police Department (the "BPD") (collectively, the "Defendants"), the Court allowed the case to proceed to the jury.

2.  The jury returned a verdict in favor of the Defendants. The Plaintiff now seeks a new trial on the basis of two (2) alleged errors. First, the Plaintiff asserts error as to the Court's refusal regarding two jury instructions, specifically Plaintiff's jury instruction numbers 17 and 18. Second the Plaintiff claims prejudice regarding the Court's granting in part and denial in part of the Plaintiff's Motion in Limine.

3.  With regard to the Plaintiff's proposed jury instruction numbers 17 and 18, i.e. Spoliation of Evidence and Failure to Produce Evidence respectively, the Plaintiff sought an instruction with regard to the Defendants' failure to provide an executed

Explanation of Rights form of the Plaintiff. The Plaintiff testified that he did in fact execute the form, but despite their efforts, the Defendants' were unable to locate any form executed by the Plaintiff. Plaintiff alleges error in that the Court denied his request for an adverse inference instruction. The failure to provide this instruction is not reversible error.

4. The fact of the matter is that the production of the Explanation of Rights form would not have proved any more than the evidence provided that the alleged assault did or did not occur. In addition, the fact of the matter is that the underlying criminal case was not Defendant Martin's case. Defendant Martin's sole role regarding any contact with the Plaintiff was to debrief him, i.e. attempt to get a statement from him regarding a criminal assault of a citizen. The arresting officer, Officer Kahler, was responsible for maintaining the file and while an officer of Defendant BPD was not a party defendant to this matter. The arresting officer testified, that he was not responsible for obtaining the executed Explanation of Rights form other than to retain the form in the file folder. The uncontroverted testimony by Defendant Martin was that Defendant Martin provided the form to the arresting officer for purposes of putting the form in the file. There was no record evidence that either Defendant Martin or the Baltimore Police Department destroyed the form, or whether the form was just lost.

6. Similar to the parties in the <u>Residential Funding</u> case, as cited by the Plaintiff, this is merely a failure to provide discovery, which the Court considers based upon its inherent powers to manage its affairs. Fed.R.Civ.P. 37(b); <u>DLC Management Corp. v. Town of Hyde Park</u>, 163 F.3d 124, 135-36 (2nd Cir. 1998).

7. Relying upon the Fourth Circuit's holding in <u>Voduske v. Bayliner Marine Corporation</u>, 71 F.3d 148 (1995), the BPD argues that the Court's denial of the jury

instruction did not amount to an abuse of discretion. The court may invoke the application of the rule in its discretion. Id. at 156. In order to invoke the spoliation of evidence rule, i.e. an adverse inference, the evidence that is lost or destroyed must be "relevant evidence." Id.

8. The Plaintiff alleges that the alleged acts of assault and battery upon him by Defendant Martin occurred after his execution of the Explanation of Rights form. The Defendants' defense was that the alleged abuse simply never occurred and that the Plaintiff injured himself. The fact of the matter is that the form was not relevant. This is so because the case did not revolve around the *time* of the alleged incident. The crux of the parties' case was whether the abuse occurred as testified to by the Plaintiff. Were the Plaintiff arguing that the alleged completed form was executed and *time stamped* and that the injuries occurred at some point after a particular time, then the Defendants can see how production of the form would have been relevant. However, the fact that the production of the form would not changed either the Plaintiff's or the Defendants' theories of their cases, the production or failure of the form, is irrelevant. Therefore, the failure to provide the Plaintiff's jury instruction is not reversible error, necessitating a new trial.

9. The BPD agrees that bad faith is not necessary in order to obtain the instruction. However, the inference does require a showing that "the party knew the evidence was relevant to some issue at trial" and that the party's "willful conduct resulted in the loss or destruction" of the evidence. Id. at 156. (citations omitted).

10. The Plaintiff does not allege, and in fact, no such willful conduct on the part of Defendant Martin or the BPD was argued or exists. The record testimony of the Defendants' witnesses was that Defendant Martin provided the form to the sergeant who

3

asked him to complete the debriefing. The arresting officer testified that he did not have an occasion to verify the existence of the form in the case file because he was not the officer who debriefed the Plaintiff. Both witnesses provided credible, reasonable and uncontroverted testimony for a Court to conclude that the form was simply lost or maybe filed in error. In its discretion, the Court did not permit the instruction, which was well within the Court's discretion.

11. While the Defendants received notice of the Plaintiff's claim, there was no testimony regarding either Defendant's knowledge that the form would be material to the Plaintiff's case. In fact, the Plaintiff's claims revolve around damages for alleged assault, battery and Constitutional rights violations. The missing form could not have been foreseen by either Defendant as being critical to the Plaintiff's case. The Defendants in anticipation of the litigation did nothing extraordinary in preserving, or failing to preserve, the contents of the Plaintiff's criminal file.

12. Unlike the plaintiff in the Silvestri v. General Motors Corporation case, there was no expert reports or review of the file to insure the inclusion of the form prior to litigation in this matter. 271 F.3d 583, 592 (4th Cir. 2001). Also, despite the Plaintiff's argument that he was "severely prejudiced" by the missing form, this argument has very little, if any, merit. This is so because the missing form could not, and did not, create a situation such that the Plaintiff could not adequately defend his case. Id. at 593. All in all, there was no prejudice suffered by the Plaintiff as a result of the missing form, and the Court's discretion to deny the instruction was not reversible error necessitating a new trial.

13. The Plaintiff's second alleged error is raised with regard to the Court's denial of the Motion in Limine to exclude the Plaintiff's arrest and conviction. The

4

Plaintiff claimed that Defendant Martin, as an employee of the BPD committed acts of violence against him while he was in custody. Contrary to the Plaintiff's claim, the defense of this case was not only that the actions alleged by the Plaintiff simply did not occur, but also included the defense that the Plaintiff injured himself attempting to avoid his arrest on March 29, 2002 after committing a violent crime. The essentials of the defense were to provide to the trier of fact an alternative of how the Plaintiff's injuries occurred, i.e. while attempting to flee from the police.

14. The Court considered the Plaintiff's motion prior to jury selection. After oral argument the Court ruled that the Defendants would be entitled to provide evidence of the Plaintiff's arrest and conviction, however the Defendants were not allowed to question the Plaintiff or witnesses with regard to the facts of underlying crime, i.e. attempted murder. This, the Court believed, struck the correct balance with regard to the Plaintiff's motion and the Defendant BPD's opposition thereto.

15. The Plaintiff's arrest and conviction in and of itself is not prejudicial. The Defendants' questioning of Officer Kahler was elicited as to Officer Kahler's stop of the Plaintiff's vehicle and the actions of the Plaintiff upon the stop. Pursuant to the Court's instructions regarding the Motion in Limine, the Defendants did not elicit from Officer Kahler or the Plaintiff any information regarding the Plaintiff's assault and attempted murder.

16. And the fact that the Plaintiff invoked his 5th Amendment privilege is an insufficient basis upon which to prove reversible error sufficient to establish a basis for providing the Plaintiff with a new trial. The Court's ruling on the Plaintiff's Motion in Limine is reviewed for an abuse of discretion. <u>Malone v. Microdyne Corp.</u>, 26 F.3d 471, 480 (4th Cir. 1994). The evidence elicited during the trial only involved the Plaintiff's

arrest and conviction. No testimony regarding the underlying crime was elicited either on direct examination of Officer Kahler or cross-examination of the Plaintiff.

  17. Fed.R.Evid. 404(b) allows for admission of evidence for other purposes such as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or abuse of mistake or accident…" The evidence elicited during the trial was limited and was elicited for the purpose of supporting the Defendants' defense and the *opportunity* for the Plaintiff to succumb to injuries in a manner other than that testified to by him as well as *plan* to allude the police and get away to avoid arrest.

  WHEREFORE, the Defendant Baltimore Police Department respectfully requests that this Court enter an Order

  a. denying the Motion for New Trial; and

  b. granting such other and further relief as this Court deems just and proper.

            _____/s/_____
            Kim Y. Johnson, Bar No.: 22447
            Baltimore Police Department
            Office of Legal Affairs
            242 West 29th Street
            Baltimore, Maryland 21211
            Telephone: (410) 396-2496

            Attorney for the Defendant
            Baltimore Police Department

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 25th day of April 2005 that a copy of the foregoing Baltimore Police Department's Opposition to the Plaintiff's Motion for New Trial was served electronically upon:

Troy A. Priest, Esquire  
Brown & Sheehan, LLP  
1010 Hull Street  
Suite 300  
Baltimore, Maryland 21230  

Robert S. Brennan, Esquire  
Todd M. Reinecker, Esquire  
Miles & Stockbridge, PC  
10 Light Street  
Baltimore, Maryland 21202  

_____/s/_____  
Kim Y. Johnson