IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
– Northern Division –

| | | |
|---|---|---|
| SEAN JEFFREY THOMSON | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No.: WDQ 1:02-CV-1989 |
| | * | |
| DETECTIVE STEPHEN MARTIN, | * | |
| OFFICERS JOHN DOE 1-10, and | * | |
| THE BALTIMORE CITY | * | |
| POLICE DEPARTMENT | * | |
| | * | |
| Defendants | * | |

## DEFENDANT STEPHEN MARTIN'S OPPOSITION IN RESPONSE TO PLAINTIFF'S MOTION FOR NEW TRIAL

Defendant Detective Stephen Martin, by and through his undersigned attorneys, files this Opposition in Response to Plaintiff's Motion for New Trial (the "Opposition") and in support thereof states as follows:

1. Defendant Martin relies upon and incorporates the Opposition in Response to Plaintiff's Motion for New Trial filed by the Baltimore Police Department.

2. Defendant Martin further states that he was never in physical custody, possession or control over the Explanation of Rights form and that the form is maintained by the Baltimore Police Department. In fact, Martin completely disagrees with the assertion made in paragraph 5 of the Plaintiff's Motion that there was no legitimate dispute that he was the custodian of the form.

3. Defendant agrees with Plaintiff's statement that the rule is that a party seeking an adverse inference instruction based on the destruction of evidence must establish (1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed "with a culpable state of mind"; and (3) that the

destroyed evidence was "relevant" to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense. *Byrnie v. Town of Cromwell,* 243 F.3d 93, 107-12 (2d Cir.2001). Similarly, where, an adverse inference instruction is sought on the basis that the evidence was not produced in time for use at trial, the party seeking the instruction must show (1) that the party having control over the evidence had an obligation to timely produce it; (2) that the party that failed to timely produce the evidence had "a culpable state of mind"; and (3) that the missing evidence is "relevant" to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense. *Residential Funding v. DegeorgeFinancial Corp.*, 306 F.3d 99, 107-08 (2nd Cir. 2002)

4. Although Defendant Martin does not believe that instructions 17 and 18 should have been given against the Baltimore Police Department, he maintains that it would have been improper, if not impossible, to give the instructions against him merely because he was an employee of the Baltimore Police Department.

5. The Court acted properly in ruling on Plaintiff's Motion in Limine and properly narrowed the scope of any testimony regarding the Plaintiff's arrest.

WHEREFORE, Defendant Martin respectfully requests that this Court enter an Order:

a. denying the Motion for New Trial; and

b. granting such other and further relief as this Court deems just and proper.

Respectfully submitted,

_____/S/_____
Troy A. Priest, Esquire
Brown & Sheehan, LLP
The Tide Building, Suite 300
1010 Hull Street
Baltimore, Maryland 21230
(410) 296-8500

*Attorneys for Defendant Detective Stephen Martin*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of May, 2005, a copy of the foregoing Defendant Detective Stephen Martin's Opposition in Response to Plaintiff's Motion for New Trial was served electronically on:

Robert S. Brennen, Esquire
Miles & Stockbridge P.C.
10 Light Street
Baltimore, Maryland 21202

Kim Y. Johnson, Esquire
Office of Legal Affairs
Baltimore Police Department
242 W. 29th Street
Baltimore, MD 21211

_____/S/_____
Troy A. Priest